Carrie Loughin v. James McCaulley, Asher J. Hudson, Elizabeth McCaulley and Thomas J. Martin, Executors of S. A. McCaulley, deceased; L. J. McCaulley, Thomas Bethel, Samuel J. Goucher, Bonaparte Shoe, Richard Van Gilder, Catherine J. Grace, Executrix of R. C. Grace, deceased, John T. West and Charles P. Sinnickson, owners of the steamtug "S. A. McCaulley."

*Ships and shipping—Maritime law—Limitation of liability of owners—Acts of congress of March 3, 1851, June 26, 1884, and June 19, 1886.*

The limitation of liability of shipowners to the value of the ship and freight pending, as provided by the Acts of congress of March 3, 1851, sec. 3, 9 Stat. at Large, 635, June 26, 1884, sec. 18, 23 Stat. at Large, 57, and June 19, 1886, sec. 4, 24 Stat. at Large, 79, applies to actions for damages for death caused by negligence, and also applies to the case of a disaster happening within the limits of a county of a state, and to a case where the liability itself arises from a law of the state.

The provisions of the acts of congress limiting the liability of shipowners prevail over the prohibition in section 21, article, 3, of the constitution of Pennsylvania, against any limitation of the amount to be recovered for injuries resulting in death, inasmuch as the control of congress is paramount over the maritime law of the country, and when it has been exercised in a particular way all state authority must conform to it.

The provisions of the acts of congress limiting the liability of shipowners in certain cases, and prescribing a method for apportioning the loss among them, may be administered by a state court.

In an action in a state court against the owners of a vessel to recover damages for death caused by negligence, evidence should be admitted of the value of the vessel and the defendants' respective proportions of ownership in it. The most convenient practice then would be, after appropriate instructions to the jury, to direct them, if they found for the plaintiff, to find specially in addition the value of the vessel and the proportionate ownership of the several defendants.

Argued Jan. 28, 1898. Appeal, No. 317, Jan. T., 1897, by defendants, from judgment of C. P. No. 2, Phila. Co., March T., 1895, No. 376, on verdict for plaintiff. Before STERRETT, C. J., WILLIAMS, McCOLLUM, MITCHELL and FELL, JJ. Reversed.

Trespass to recover damages for the death of plaintiff's husband, alleged to have been caused by the negligent operation of

the steamtug " S. A. McCaulley," on the Delaware river, in consequence of a collision between it and a yawl boat in which plaintiff's husband was. Before SULZBERGER, J.

At the trial it appeared that the tug which caused the accident was owned by several parties. Evidence was offered but rejected, under objection and exception, of the value of the tug, and of the defendants' proportionate ownership in it. [7, 9, 10].

Verdict and judgment for plaintiff for $8,500.

*Errors assigned* among others were (7, 9, 10) rulings on evidence, quoting the bill of exceptions.

*John F. Lewis* and *John G. Johnson*, with them *H. L. Cheyney*, for appellants.—The defendants should have been permitted to show what fractional parts each owned in the tug, and the value of the tug : Steamboat Co. v. Chase, 16 Wallace, 533 ; Sherlock v. Alling, 93 U. S. 100 ; City of Norwalk, 61 Fed. 364 ; Wallace v. McConnell, 13 Pet. 136 ; Taylor v. Carryl, 20 How. 583 ; Mallett v. Dexter, 1 Curtis, 178.

If the court of common pleas had jurisdiction, without now raising the question whether or not the tort was committed within the boundaries of the state, these defendants cannot be said to have accepted that jurisdiction. They were brought into court by the plaintiffs, and the power of the court to enforce the plaintiff's claim was complete, and must necessarily be exercised to enforce every defense to which the defendants were entitled. If the court could hear the case at all, it certainly could hear the defense to it.

The limitation of the owner's liability is a necessary incident to the ownership of vessel property, and all rights of action against owners as such are limited by the acts of congress : New Jersey Steam Nav. Co. v. Merchants' Bank of Boston, 6 How. 344 ; Butler v. Steamship Co., 130 U. S. 555 ; The Scotland, 105 U. S. 24 ; Providence & N. Y. S. S. Co. v. Hill, 109 U. S. 578 ; The Doris Eckhoff, 30 Fed. Rep. 140 ; Miller v. O'Brien, 35 Fed. Rep. 779 ; Craig v. Continental Ins. Co., 141 U. S. 638 ; The Rosa, 53 Fed. Rep. 132.

*Fred Taylor Pusey*, with him *Wendell P. Bowman*, for appellee.—It ought to appear at a glance that the appellants' conten-

tion cannot be enforced in a common-law court under the laws of Pennsylvania, as the constitution of Pennsylvania has expressly provided that there shall be "no limit to the amount to be recovered for injuries resulting in death, or for injuries to persons or property; and in case of death from such injuries the right of action shall survive, and the general assembly shall prescribe for whose benefit such actions shall be prosecuted:" Constitution of the State of Pennsylvania, sec. 21, art. III.

The defendant made no offer whatever to give a stipulation, or to pay the value into court, or to convey the vessel to a trustee, so that it is at once evident that they are not entitled to the benefits of the law in this proceeding, on this account, irrespective of the question as to whether they could receive its benefits at all in the state courts.

The state court has no jurisdiction at all to administer the benefits of the limited liability laws, and they can only be administered in the district court of the United States, of the proper district, or in the circuit court, on appeal: Norwich v. Wright, 13 Wall. 104; Benefactor v. Mount, 13 Otto, 239; Prov. & N. Y. Steamship Co. v. Hill Mfg. Co., 109 U. S. 578.

In the cases cited by appellant it will appear that the offending vessel was itself a total loss, and therefore all liability extinguished; and, consequently, there was no occasion to proceed according to the statute; or, as in one of the cases, the required stipulation had been given, and the fund was, therefore, subject to the order of the court, the same as if it had been paid in under a petition, after the form of the admiralty rules.

OPINION BY MR. JUSTICE MITCHELL, July 21, 1898:

The substantial question in this case is the right of the appellants to have their liability for damages to the plaintiff limited to the value of their respective interests in the vessel which is alleged to have caused the injury.

The Act of congress of March 3, 1851, sec. 3, 9 Stat. at Large, 635 (Rev. Stat. 1878, sec. 4283), provides that "the liability of the owner or owners of any ship or vessel for any embezzlement, loss or destruction by the master, officers, mariners, passengers, or any other person or persons, of any property, goods or merchandise shipped or put on board of such ship or vessel, or for any loss, damage or injury by collision, or for any act,

matter or thing, loss, damage or forfeiture, done, occasioned or incurred without the privity or knowledge of such owner or owners, shall in no case exceed the amount or value of the interest of such owner or owners respectively in such ship or vessel and her freight then pending." And the Act of June 26, 1884, sec. 18, 23 Stat. at Large, 57 (Supp. Rev. Stat. [ed. 1891] p. 443), makes a substantially similar provision in more condensed phraseology: "That the individual liability of a ship owner shall be limited to the proportion of any or all debts and liabilities that his individual share of the vessel bears to the whole, and the aggregate liabilities of all the owners of a vessel on account of the same shall not exceed the value of said vessels and freight pending." By the Act of June 19, 1886, sec. 4, 24 Stat. at Large, 79 (Supp. Rev. Stat. [ed. 1891] p. 494), the act of 1884 is made to apply to " all vessels used on lakes or rivers or in inland navigation, including canal boats, barges and lighters."

In Butler v. Boston and Savannah Steamship Co., 130 U. S. 527, it was held that this limitation of liability applies to actions for damages for death caused by negligence. And on this point see also Craig v. Ins. Co., 141 U. S. 638. It was further held in the former case that the limitation of liability was enacted by congress as part of the maritime law of the United States, and is coextensive in its operation with the whole territorial domain of that law. It applies, therefore, to the case of a disaster happening within the limits of a county of a state, and to a case where the liability itself arises from a law of the state.

These statutory limitations of liability, so construed by the Supreme Court of the United States, would seem to settle the question in this case in favor of appellants. But it is argued for appellee that they cannot prevail against the prohibition in section 21, article 3 of the constitution of Pennsylvania against any limitation of the amount to be recovered for injuries resulting in death, and that in any view they cannot be administered by a Pennsylvania court in a common-law action.

As to the first objection, it is clear that neither statute nor constitution of Pennsylvania can be set up against a right given by congress in its control of the maritime law of the country. That control is paramount, and when it has been exercised in a

particular way all state authority must conform to it. The second objection, that the limitation cannot be administered by a state court in a common-law action, must depend primarily on the language of the acts of congress and the nature of the right which they confer. If such right is contingent on something to be done by the vessel owner or others, then we must look into the pleadings or the evidence of the acts of the parties. But if, on the other hand, the right is absolute, then clearly it cannot be defeated by the plaintiff's choice of the tribunal, and if the state court is unable through defect of its jurisdiction over parties or subject-matter, or through its methods of procedure, to protect the right, then the court must dismiss the case for want of appropriate powers to determine it in accordance with the paramount law on the subject.

This brings us to the consideration of the acts of congress. The limitation of liability under both the acts of 1851 and 1884 is general and absolute. By the former the liability "shall in no case exceed," and by the latter "shall be limited to," the value of the individual owner's interest in the vessel. The former provision is contained in section 3 of the act of 1851, and by section 4, it is provided that whenever the loss is by several owners of goods, etc., and the whole value of the vessel and freight is not sufficient, they shall receive compensation in proportion to their respective losses, and the owner of the vessel may take appropriate proceedings in any court for the purpose of apportioning the sum for which he is liable among the parties entitled thereto. It then continues, that it shall be sufficient compliance by the owner with the requirements of the act if he shall transfer his interest in the vessel and freight to a trustee for the parties entitled, to be appointed by any court of competent jurisdiction, and thereupon all claims and proceedings against the owner shall cease. There is nothing in this section which in any way changes the positive character of the limitation. The provisions are manifestly in furtherance, not in restriction, of the vessel owner's right, and are directory only, in the sense that they point out a method by which his right may be enforced, but are not exclusive of other methods which may be found effective for the same purpose.

And such we understand to be the construction settled by the Supreme Court of the United States. In the case of The Scot-

land, 105 U. S. 24, it was said by BRADLEY, J.: "The primary enactment in sec. 4283, Rev. Stat. is that the liability of the owner for any loss or damage shall in no case exceed the amount of value of his interest in the vessel and her freight then pending. Two modes for carrying out this law are then prescribed, one in sec. 4284 and the other in sec. 4285." These sections are the revision and re-enactment of section 4 of the act of 1851 just discussed. The same opinion then proceeds to show that these modes are in aid and not in restriction of the owner's right to limit his liability, and are not therefore exclusive, but the defense may be made in any form that the nature of the case and the procedure of the court will permit. And to the same effect are Providence and N. Y. S. S. Co. v. Hill Mfg. Co., 109 U. S. 578, 594, and Craig v. Continental Ins. Co., 141 U. S. 638. The very point of the admissibility of this defense in an action in a state court was decided in the case of The Rosa, 53 Fed. Rep. 132, where a petition by the vessel owner for establishment of limited liability and for prohibition of further proceedings by a plaintiff in a state court was dismissed by the district court of the United States on the ground that the defense could be adequately made in the state court. It is true that this conclusion has been dissented from in Quinlan v. Pew, 56 Fed. Rep. 111, 121, but apparently on the ground that the vessel owner's privilege, not only to have the value of the vessel appraised and his liability limited to that, but also to have all parties compelled to come into the admiralty court with their claims, was absolute under the statute and could not be refused in view of the want of power of the state court to enforce the latter branch of the remedy. But even this case does not sustain the contention that the vessel owner may not make his defense in the state court if he so chooses.

We are of opinion that appellants' right to make this defense is clear, and we see no difficulty in enforcing it in this action. They should have been permitted to show the value of the tug, and their respective proportions of ownership in it. The most convenient practice then would be, after appropriate instructions to the jury, to direct them if they found for the plaintiff to find specially in addition the value of the tug, and the proportionate ownership of the several defendants. With these facts specifically found, the verdict could be moulded by

the court into proper form with less danger of mistake than if the whole were left in a lump to the jury.

The questions of defendant's negligence, and Loughin's own contributory negligence could not under the evidence have been taken from the jury.

A number of questions are raised by the assignments of error in regard to irregularities in the swearing of the jury and in the verdict and judgment, but, as all of these will be easily avoided at the next trial, it is not necessary to discuss them.

Judgment reversed and venire de novo awarded.