THE S. A. McCAULLEY.[1]

(District Court, E. D. Pennsylvania. December 13, 1899.)

No. 40.

1. LIMITATION OF LIABILITY—LACHES OF PETITIONER—TERMS IMPOSED.
    Although the owner of a vessel allows a court of common law to retain jurisdiction of a suit against him for a maritime tort for several years, during which time he takes all the chances of success before that tribunal, he is still in time, and has the right, by petition to a court of admiralty,

---

[1] Reported by Arthur G. Dickson, Esq., of the Philadelphia bar.

to limit his liability, and remove the case to that court; but the court, in granting such petition, can require him to pay all the costs that had accrued in the common-law proceeding.

2. SAME—CONCURRENT JURISDICTION OF COMMON-LAW COURTS—ASSERTION OF RIGHTS IN ADMIRALTY.

Although the supreme court of a state has decided that the statute giving the right to a limited liability of shipowners can be enforced in the courts of the state, this does not deprive the courts of admiralty of this jurisdiction, and the right may be asserted there, and the case removed.

3. SAME—ASSERTION OF RIGHT BY LESS THAN ALL THE PART OWNERS.

The right of a limitation of liability is an absolute one, and is not dependent upon the joinder of all the part owners in the application for it; it may be availed of by any one or more of them.

In Admiralty.

This was a petition to limit the liability of certain owners of the steam tug S. A. McCaulley. Exceptions to the petition were filed, alleging ( ) that there was but one suit pending against the petitioners, and, as the supreme court of Pennsylvania had decided that the common pleas court could apply the law limiting the liability of the shipowners, the district court had no jurisdiction to entertain the petition; (2) that the petitioners were barred by laches in failing to file their petition until after two years from the date of the accident by which John Loughin lost his life; (3) that the petition could not be entertained, because it was filed on behalf of a portion only of the whole number of part owners of the vessel. The decree of the court was conditioned upon the payment by the petitioners, within 20 days, of all the costs that had accrued in the common-law court, in which event the exceptions were to be overruled; otherwise, the petition should be dismissed. Further facts appear in the opinion of the district judge.

Horace L. Cheyney and John F. Lewis, for petitioners.
Wendell P. Bowman, for respondents.

McPHERSON, District Judge. This is an application to limit the liability of certain owners of the tugboat S. A. McCaulley, and I grant the petition because I feel obliged to do so. I am unable to regard with favor the course pursued by the petitioners. Being sued in the common pleas of Philadelphia county for a maritime tort alleged to have been committed by the vessel, they refrained for more than two years from asking this court to take jurisdiction of the controversy. The acts of congress allowing vessel owners to limit their liability cover the injury sued for, and a proper petition would, of necessity, have transferred the whole dispute to this court. Not only was there two years' delay, however, but during that period there had been a trial in the common pleas, in which the present petitioners had set up their right to a limitation of liability under the federal statutes, and a verdict had been rendered against them on the merits. The trial court having refused to entertain the partial defense of limited liability, the petitioners appealed to the supreme court of Pennsylvania, and obtained a reversal, on the ground that, in a case such as this, where it is conceded that only one claimant exists, a state court was competent to apply the right given by the acts of congress. Loughin v. McCaulley, 186 Pa. St. 517, 40 Atl. 1020. While the writ of error was pending before the Pennsylvania supreme court, a petition was presented to this court asking for a limitation of liability, and this petition, in amended form, is now presented for consideration.

By following the course described, the petitioners have been enabled to take their chances of success before a tribunal where they might hope to defeat the claim entirely by proving the contributory negligence of the decedent; and now, having discovered that this effort is likely to be unsuccessful, they have determined to try their fortunes in a different jurisdiction, and by a different method of trial. The merits have been once determined against them by a jury; and, although the judgment has been reversed, it was reversed merely for the reason that the right to limit the defendant's liability had not been applied by the court below. The result is to give the petitioners an undue advantage. But, as I look at the statutes and the decisions upon this subject, it is impossible to deny them the right to come into the federal tribunal, even after they have taken their chance of a favorable verdict in the common pleas. I cannot avoid the conclusion that the circuit court of appeals for the First circuit was right in deciding (Quinlan v. Pew, 5 C. C. A. 438, 56 Fed. 111) that a state court does not possess the machinery fully to administer the act of congress, even in cases where there is only one claimant. It may be (although I do not decide the point) that a state court is a "court of competent jurisdiction," within the meaning of section 4285 of the Revised Statutes, and may therefore have power to appoint a trustee under that section. But, even if this be true, a state court has no power to appraise the vessel under rule 54 in admiralty, or to carry out the other provisions there to be found, and these provisions are now as much a part of the right as is the statutory direction concerning the appointment of a trustee. If the state court has no power to appoint a trustee, this furnishes a second reason for upholding the owner's right to apply to a court of admiralty.

If the owner's laches could bar him from a successful application to such court, I should have no hesitation in refusing the present petition; but the statute fixes no limit of time within which the court must be asked to act, and the supreme court of the United States in The Benefactor, 103 U. S., on page 245, 26 L. Ed. 351, has intimated that the right may exist as long as any damage or loss remains unpaid. The court says: "Precisely when the owners of a ship in fault ought to be regarded as precluded from instituting proceedings for a limitation of liability might be difficult to state in a categorical manner. Perhaps they can never be precluded, so long as any damage or loss remains unpaid." Since so much doubt exists upon the subject, I prefer to sustain the right; but I shall follow the advice of the court in the same case, by imposing terms upon the petitioners. The opinion goes on to say: "But, in a particular case, relief should not be granted except upon condition of compensating the other party for any costs and expenses he may have incurred by reason of the delay in claiming the benefit of the law."

It is therefore ordered that if the petitioners, within 20 days from this date, pay the costs that have accrued upon the suit in the common pleas, including the costs in the supreme court and the expense of printing the plaintiff's paper book upon appeal, and pay also the costs that have accrued in this court, the exceptions to the petition will be overruled; otherwise, the exceptions will be sustained, and the petition dismissed.