## THE OCEAN SPRAY.

(District Court, N. D. California. August 21, 1902.)

No. 12,109.

1. SHIPPING—LIMITATION OF LIABILITY—CONDITIONS IMPOSED FOR LACHES.
    A shipowner is not debarred from instituting proceedings in a court of admiralty for the limitation of his liability on account of an alleged maritime tort by the fact that he has permitted an action for damages for such tort to be prosecuted to judgment against him in a state court, which has been reversed on appeal, and the cause remanded for a new trial; but in such case his laches in invoking the admiralty jurisdiction warrants the court in requiring him, as a condition to the granting of the relief sought, to pay the costs incurred by the plaintiff in the state court.

In Admiralty. Suit by the owners of the schooner Ocean Spray for limitation of liability.

H. W. Hutton, for petitioners.
F. J. Castlehun, for claimant.

DE HAVEN, District Judge. This proceeding was commenced by certain owners of the schooner Ocean Spray, in which they ask for a limitation of their liability upon the claim of William Silveira for damages in the event that the court shall find that they are liable on account of such claim, and which liability they deny. The claim of Silveira is based upon the alleged negligence of the owners of the Ocean Spray in failing to provide her with safe and sound reefing tackle, by reason of which he alleges he sustained injuries while in the performance of his duties as a seaman upon that schooner. It is undisputed that Silveira commenced an action against the petitioners in one of the superior courts of the state April 27, 1896, upon the claim referred to in the petition herein; that said action was tried by a jury, resulting in a verdict and judgment in his favor for $2,000 and costs; that this judgment was afterwards reversed by the supreme court (60 Pac. 687), and the cause remanded for a new trial; and that such

¶ 1. Limitation of shipowner's liability, see note to The Longfellow, 45 C. C. A. 387.

action was pending in the state court at the date the present proceeding was commenced, May 12, 1900.

Upon consideration of all the evidence, I find that the petitioners exercised due diligence to provide the schooner with a sound reef pendant, and are therefore not liable for the injuries sustained by the claimant, Silveira; but, in view of the laches of petitioners in invoking the jurisdiction of this court, they are not entitled to a decree establishing their nonliability unless they pay the costs incurred by the claimant in the action in the state court. This was the rule which, upon a similar state of facts, was followed by the court in the case of The S. A. McCaulley (D. C.) 99 Fed. 302, and is in accordance with the suggestion made by the supreme court in the case of The Benefactor, 103 U. S. 247, 26 L. Ed. 466. See, also, Gleason v. Duffy (C. C. A.) 116 Fed. 298.

The evidence shows that the costs incurred by the claimant in the action for damages in the superior court, and in the supreme court, upon the appeal from the judgment, amount to $215.20. It is therefore ordered that unless petitioners, within 20 days from this date, pay to the said William Silveira the sum of $215.20, this proceeding shall be dismissed, and that, upon such payment, petitioners take a decree that they are not liable on account of the matters alleged in the claim of Silveira.