## THE LOTTA.

(District Court, D. South Carolina. January 31, 1907.)

1. ADMIRALTY—JURISDICTION—DAMAGES—DEATH.

There is no admiralty jurisdiction under the general maritime law authorizing the maintenance of a proceeding in rem against a vessel for the death of a person injured as the result of negligence.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 1, Admiralty, §§ 285, 218, 219.

Admiralty jurisdiction of torts, see notes to Campbell v. Hackfield & Co., 62 C. C. A. 279.]

2. INJUNCTION—ACTION IN STATE COURT—SHIPPING—LIMITING LIABILITY.

Rev. St. § 4283 [U. S. Comp. St. 1901, p. 2943], provides that the liability of the owner of any vessel for injury by collision, or for any other act, damage, or forfeiture done, etc., without the privity or knowledge of such owner, shall not exceed the value of his interest in the vessel and the freight then pending; and section 4284 declares that, if the value of the vessel and freight is not sufficient, the claimants shall receive pro rata compensation only, etc. *Held*, that where there was only a single claimant against a vessel for death alleged to have resulted from negligence, and an action therefor was brought against the owner in the state court, he was entitled to set up his limited liability as a defense in such court; and the fact that the extent of his liability had been determined in an ex parte proceeding in a federal court did not authorize an injunction restraining the claimant from the prosecution of his action in the state court to recover the amount of such limited liability.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 27, Injunction, §§ 72; vol. 13, Courts, § 1418.

Federal courts enjoining proceedings in state courts, see notes to Garner v. Second Nat. Bank, 16 C. C. A. 90; Central Trust Co. v. Grantham, 27 C. C. A. 575; Copeland v. Bruning, 63 C. C. A. 437.]

3. SHIPPING—TORTS—DEATH—LIABILITY—LIMITATION—ADMIRALTY — JURISDICTION.

Whether an action against the owner of a vessel in a state court for wrongful death is one of limited liability, under Rev. St. §§ 4283, 4284, et seq. [U. S. Comp. St. 1901, p. 2943], is a question of admiralty and maritime jurisdiction, which must be determined by the federal courts.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 44, Shipping, § 646.]

In Admiralty.

W. Turner Logan, for the motion.
Mitchell & Smith, for the Lotta.

BRAWLEY, District Judge. The question for decision is whether this court will enjoin the prosecution in the state court of a suit there pending, brought by Vose, as administrator, against the owner of the steamboat Lotta for the recovery of damages for the death of his son. The Lotta is a small steamboat owned in Charleston, and is engaged in the transportation of passengers in and about the harbor and the adjacent waters, on which the intestate was a passenger May

6, 1906, and the complaint in the state court alleges such fault and negligence as renders the owner liable for damages for his death. Section 2851 of the Civil Code of South Carolina provides as follows:

"Whenever the death of a person shall be caused by the wrongful act, neglect or default of another, and the act, neglect or default is such as would, if death had not ensued, have entitled the party injured to maintain an action and recover damages in respect thereof, then and in every such case the person or corporation who would have been liable if death had not ensued shall be liable to an action for damages, notwithstanding the death of the person injured, although the death shall have been caused under such circumstances as make the killing in law a felony."

Subsequent sections provide for the manner and time in which such suits shall be brought. It was held in The Harrisburg, 119 U. S. 199, 7 Sup. Ct. 140, 30 L. Ed. 358, that, in the absence of an act of Congress or a state statute giving a right of action therefor, a suit in admiralty could not be maintained to recover damages for the death of a human being caused by negligence; and subsequently, in The Corsair, 145 U. S. 347, 12 Sup. Ct. 949, 36 L. Ed. 727, it was said that the courts of admiralty will look to the local law for the right to take cognizance of this class of cases. "If it merely gives a right of action in personam for a cause of action of a maritime nature, the District Court will administer the law by proceedings in personam. * * * But, unless the lien be given by the local law, there is no lien to enforce by proceedings in rem in the court of admiralty."

The Circuit Court of Appeals of this circuit, in The Glendale, 81 Fed. 633, 26 C. C. A. 500, said that the Virginia statute, which expressly gave to the party injured a right to maintain an action or to proceed in rem against a ship or vessel, gave jurisdiction to the court of admiralty; but, as there is no such right given by the South Carolina statute, it seems that this court would be without jurisdiction in rem, as no such jurisdiction exists under the general maritime law. The action in the state court is in personan, and the owner of the Lotta, after the commencement of such suit, filed her petition in this court for a limitation of liability under the act of 1851 (Act March 3, 1851, c. 43, 9 Stat. 635), and by an ex parte proceeding has had the Lotta appraised, and has paid the appraised value thereof into the registry of the court and obtained an order of injunction restraining the prosecution of the suit in the state court. This was without notice to the plaintiff in the state court, who now moves to dissolve that injunction. The judiciary act (section 563, subd. 8, Rev. St. [U. S. Comp. St. 1901, p. 457]) expressly saves to suitors in all cases the right of the common-law remedy where the common law is competent to give it. As the right of action here was created by a state statute enacted subsequent to the passage of the judiciary act, it might be contended that the saving clause above cited should be limited to such causes of action as were known to the common law at that time; but, although not directly decided, it seems to be fairly inferable from Steamboat Company v. Chase, 16 Wall. (U. S.) 532, 21 L. Ed. 369, that this saving clause is applicable in all cases where the action in the state court is in form a common-law action against the person, without any of the ingredients of a proceeding in rem to enforce a maritime lien.

If this conclusion is correct, then it follows that the plaintiff in the

state court has the right to pursue his remedy in the forum selected, unless the act of 1851 providing for a limitation of liability clearly deprives him of it. This act is now contained in sections 4282–4289 of the Revised Statutes [U. S. Comp. St. 1901, pp. 2943–2945]. The great object of this law, as set forth by Justice Bradley in Norwich & N. Y. Transportation Company v. Wright, 13 Wall. (U. S.) 104, 20 L. Ed. 585, was to encourage shipbuilding and to induce capitalists to invest money in this branch of industry. They would not be likely to do so if, in addition to exposing their property to the hazards of the sea and to the management of seafaring men, they were to be made liable beyond the value of their vessels to losses and damages to an indefinite amount. To subserve that object the statute should be liberally interpreted, and the owners of ships should not be subjected to the payment of any damages beyond the value of their property; but a liberal interpretation does not demand such a construction as would enable parties invoking it to serve another and different purpose to that for which it was intended. The plaintiff in the state court is within his rights in asking to be allowed to pursue the remedy which the statute gives him to have his case tried by a jury, as is usual in common-law proceedings; and unless the statute for the limitation of liability, by its terms or by necessary implication, is intended to or does take away that right, the law which gives to this court its jurisdiction in "all civil causes of admiralty and maritime jurisdiction" expressly reserves to all suitors the rights of the common-law remedy.

Section 4283 of the Revised Statutes [U. S. Comp. St. 1901, p. 2943] provides:

"The liability of the owner of any vessel for any embezzlement, loss or destruction, by any person, of any property, goods or merchandise, shipped by him on board of such vessel, or for any loss, damage or injury by collision, or for any act, matter or thing lost, damage or forfeiture done, occasioned or incurred, without the privity or knowledge of such owner or owners, shall in no case exceed the amount or value of the interest of such owner, and of such vessel and her freight then pending."

This is the section declaring the limitation of liability.

Section 4284 [U. S. Comp. St. 1901, p. 2943] provides:

"Where any such embezzlement, loss or destruction is suffered by several freighters or owners and the whole value of the vessel, etc., is not sufficient to make compensation to each of them they shall receive compensation in proportion to their respective losses, and for that purpose the freighters and owners and the owner of the vessel may take the appropriate proceedings in any court for the purpose of apportioning the sum for which the owner of the vessel may be liable among the parties entitled thereto."

Section 4285 [U. S. Comp. St. 1901, p. 2944] provides:

"The owner, etc., may transfer his interest in such vessel for the benefit of such claimant to a trustee to be appointed by any court of competent jurisdiction, to act as such trustee for the person who may be proved to be legally entitled thereto, from and after which transfer all claims and proceedings against the owner shall cease."

Rule 54 (11 Sup. Ct. iv) of the Supreme Court, promulgated May 6, 1872, and amended January 26, 1891, provided for the carrying into effect of the above-mentioned statute. Obviously, when there are

several claimants who may proceed in rem against a vessel, and the aggregate of their claims may be greater than its value, and there is need of an apportionment among them, this court alone has the requisite jurisdiction; and the statute and rule of the Supreme Court provides the method and machinery to effectuate the object desired.

Courts of common-law jurisdiction are inadequate for that purpose; but where there is only a single claim, and there is no need of an apportionment of the proceeds of the vessel among several claimants, there does not appear to be any need to adopt the methods provided in such cases as demand the peculiar and exclusive jurisdiction of the court of admiralty. An answer setting up the limitation of liability under section 4283 is all that is necessary to give to the owner of the vessel the relief to which he is entitled. It appears in this case that, proceeding in accordance with rule 54, a monition has issued, and all persons having claims against the Lotta have been required to present them to the clerk of this court on or before January 28, 1907. That time has expired, and no claims have been presented. The owner of the vessel, therefore, can by answer in the state court set up as a defense that he is not liable beyond the value of the vessel, and that value may be determined as appropriately and as easily in that court as in this. In the ex parte proceedings here the vessel has been appraised by appraisers chosen by the petitioner, and, while there may be no reason to question the fairness and fullness of such appraisement, the plaintiff is entitled to be heard on that question, and in the usual course of the common-law proceeding that issue can be fairly tried.

In The Great Western, 118 U. S. 521, 6 Sup. Ct. 1172, 30 L. Ed. 156, the syllabus is as follows:

"Limited liability may be claimed, first, merely by way of defense to an action; or, second, by surrendering the ship or paying her value into court. The latter method is only necessary when the shipowner desires to bring all the creditors claiming damages into concourse for distribution."

That was a case in admiralty, where the answer set up the defense that the liability of the respondent was limited to the amount or value of his interest in the ship and her freight; and Justice Bradley says:

"The issue being thus raised, the respondent was entitled to have the decree against him in that cause limited to the amount which should be shown by the proofs on the trial to be the value of said steamer and freight at the termination of the voyage. He did not need to make any surrender or attempt a surrender. A surrender of the vessel, or payment of her proceeds or value into court, would have been necessary in order to bring other creditors into concourse with the libelants; but for the mere defense of that cause it was not necessary."

And in The Scotland, 105 U. S. 24, 24 L. Ed. 1001, it was decided that:

"It was not necessary that shipowners should surrender and transfer the ship in order to claim the benefit of the law. That is only one mode of relief. They may plead their immunity, and, if found in or confessing fault, may abide a decree against them for the value of ship and freight, as found by the proofs."

The limit of recovery is the value of the owner's interest in the ship and freight, and it seems to be clear that the beneficent purpose

of the act of 1851 may be well accomplished by an answer in the state court setting up a limited liability. If the plaintiff should recover a judgment there, he would be entitled to the full value of the ship undiminished by the costs and expenses necessarily incident to the administration of the fund in this court. All that the petitioner can fairly claim is that he should not be subject to a personal judgment for an indefinite amount and beyond the value of his interest in the Lotta and her freight. There is no reason to doubt that this proper defense may be availed of in the state court, and if there is an ulterior purpose, and petitioner's object in invoking the jurisdiction of this court is to escape a jury trial and take the case away from the common-law jurisdiction, that purpose should receive no countenance here; for the act which gives this court its admiralty and maritime jurisdiction saves to suitors in all cases the right of the common-law remedy where the common law is competent to give it, and good faith requires that this proviso shall have its full and fair effect. The precise point involved has not been decided by the Supreme Court of the United States. The views above expressed are in accord with the opinions of Judge Brown of the Southern District of New York in The Rosa, 53 Fed. 132, and The Eureka, 108 Fed. 672. No judge in this country has had such large experience in the admiralty law, or by his intellect and learning has shed so much light upon the vast field covered by it. A contrary view is taken by the Circuit Court of Appeals of the First Circuit in Quinlan v. Pew, 56 Fed. 120, 5 C. C. A. 438, and by the District Court in Pennsylvania in The S. A. McCauley, 99 Fed. 302. There is nothing in The Ocean Spray (D. C.) 117 Fed. 971, In re Starin (D. C.) 124 Fed. 101, and The Tommy (D. C.) 142 Fed. 1034, which throws much light upon this question. In the absence of any controlling authority, this court is bound to exercise its own independent judgment; and that is that the injunction restraining the proceedings in the state court should be denied.

There is another point of view, not considered in any of the cases, and not necessary to the decision reached; but it may or may not be entitled to some consideration, and that is this: The plaintiff in the state court not being entitled under the general maritime law to bring a proceeding in rem, and his rights being limited by the statute to a proceeding in personam, a question might be raised, if his suit in the state court was enjoined, as to his right to come into this court at all; for it is the proceeds of the res that the petitioner seeks to have administered here.

An order will be entered dissolving the injunction heretofore granted. The petition, however, will not be dismissed; for, if it should hereafter appear in the course of the proceedings in the state court that a question is raised as to the right of petitioner to a limited liability, this court has exclusive cognizance of such a question. The act of 1851 and the rules of the Supreme Court passed to carry it into effect confer on the District Court jurisdiction to determine whether the case is one of limited liability. That is a question of admiralty and maritime jurisdiction which must be determined by the courts of the United States, and the decision upon the question of the injunction is predicated upon the assumption that that question is not involved in the

suit in the state court, and that the only questions to be decided there are, first, whether the defendant is liable at all, and, if so, as to the value of the vessel and her freight, which is the limit of defendant's liability.