**THE MISTRAL.**

In re **KELLOGG.**

District Court, W. D. New York.

June 2, 1931.

Brown, Ely & Richards, of Buffalo, N. Y. (John B. Richards and David S. Jackson, both of Buffalo, N. Y., of counsel), for petitioner.

John H. Clogston, of Buffalo, N. Y., for claimants.

KNIGHT, District Judge.

This is a proceeding for limitation of liability under sections 183, 184, 185, 188, of title 46 USCA (Revised Statutes §§ 4283, 4285, 4289).

On March 27, 1928, petitioner's yacht Mistral lay at anchor in the Niagara river at Buffalo, N. Y. Claimant David N. Scott, by guardian, on February 16, 1929, commenced an action in the Supreme Court, Erie county, against Donald Kellogg, petitioner herein, to recover damages for injuries sustained in an explosion on such yacht on the date first mentioned. After the commencement of such action, and on March 11, 1929, petitioner instituted proceedings in this court for limitation of liability, and obtained an order restraining the continuance of any proceedings in the action aforesaid and the commencement of any other action or actions by any other parties. By stipulation of the parties in proceedings to appraise the Mistral, its value was fixed at $7,500.

A monition for claims was issued and separate claims were filed by and on behalf of several parties; Edgar N. Scott, individually, in the amount of $28,157.64; Miriam C. Scott, $50,000; George P. Scott, by Edgar N. Scott, his guardian, $15,000; and the plaintiff aforesaid, David N. Scott, by Edgar N. Scott, his guardian, in the sum of $50,000. Answers were interposed to the petition by each of the aforesaid claimants, and objections were filed by the petitioner against each of such claimants.

No claim was filed by Sunblom, captain of the Mistral, whose injuries arose out of the same cause on which the claims hereinbefore mentioned were based. An order was subsequently entered noting the default of all persons other than the said claimants.

David N. Scott, by guardian, moved to vacate the injunction restraining further prosecution of his action in the state court on the ground that the limitation of liability statute did not apply to a boat such as the Mistral. This motion was denied, and the exceptions to the petition and libel herein dismissed.

Thereafter trial of the issues proceeded before Hon. John R. Hazel, District Judge, and, upon his retirement as District Judge, were continued before him as special commissioner. The taking of evidence was concluded and briefs of respective parties submitted. While decision of the trial judge was pending, the motion now before this court to vacate the injunction against proceeding in the state court was made.

The claimant relies upon the recent decision of Langnes v. Green, 282 U. S. 531, 51 S. Ct. 243, 247, 75 L. Ed. 520, in support of this motion. As I read the case, it is not an authority for his contention. The case involved a single claim. There had been conflict in the lower courts in such cases. The Lotta (D. C.) 150 F. 219, 221; Quinlan v. Pew (C. C. A.) 56 F. 111. Langnes v. Green settled the law that, where there is only one possible claimant, the state court has jurisdiction under the reserve clause of section 24 (3) of the Judicial Code (28 USCA § 41, subd. 3). The opinion, however, emphasizes the fact that it was concerned with a single claim, and that the case was one in which no other claim could be legally made.

The Langnes opinion quotes with approval the language in Carlisle Packing Company v. Sandanger, 259 U. S. 255, 42 S. Ct. 475, 66 L. Ed. 927: "In a state court, where there is only one possible claimant and one owner, the advantage of this section (4283 [46 USCA § 183]) may be obtained by proper pleading."

In The Lotta, supra, also cited and copiously quoted, the court said: "Obviously, when there are several claimants who may proceed in rem against a vessel, and the aggregate of their claims may be greater than its value, and there is need of an apportionment among them, this court alone has the requisite jurisdiction."

In re New York Harbor Tow-Boat Company (The Rosa) 53 F. 132, 134 (D. C.), it was said that: "Where there are several damage claimants, * * * the common-law remedies are inappropriate and inadequate."

Vide, also, Delaware River Ferry Co. v. Amos (D. C.) 179 F. 756; The S. A. McCaulley (D. C.), 99 F. 302; The Hoffmans (D. C.) 171 F. 455.

I find no case as an authority for vacating the injunction. Loughin v. McCaulley, 186 Pa. 517, 40 A. 1020, 48 L. R. A. 33, 65 Am. St. Rep. 872, is not in point. The question there was the right of the shipowners to plead and prove in the state court their respective interests in the vessel in question.

Quoting again from Langnes v. Green, supra: "Needless to say that, if the case for a limitation of liability assumes such a form that only a federal court is competent to afford relief, the jurisdiction of that court is exclusive."

It seems to me that in the case at bar, where several claims have been presented, following all the authorities, a federal court only is "competent to afford relief," and that "the jurisdiction of that court is exclusive."

In view of this determination, it is not necessary to pass upon any other point raised by petitioner.

Motion denied.