JOSEPHINE DEPINTO, as Administratrix of the Estate of MAURO DEPINTO, Deceased, Plaintiff, *v.* O'DONNELL TRANSPORTATION Co., INC., et al., Defendants.

Supreme Court, Trial Term, New York County, February 17, 1943.

*Abraham M. Fisch* for plaintiff.

*E. F. Lamb, J. O. Carson* and *Reginald V. Spell* for O'Donnell Transportation Co., Inc., defendant.

*L. F. Hanan* for Dwyer Lighterage, Inc., defendant.

BENVENGA, J. This is an action by the plaintiff, as administratrix, to recover damages for the death of her husband, a longshoreman, who was injured while engaged in laying iron ore on a barge owned by the defendant O'Donnell Corporation. On the trial, the defendant made a motion to amend the answer so as to plead the Federal Limited Liability Act. (U. S. Code, tit. 46, § 183 *et seq.*) That motion is granted. The question now presented involves the construction and application of the statute. So far as material, it provides: '' The liability of the owner of any vessel * * * for any * * * loss, damage, or forfeiture, done, occasioned, or incurred without the privity or knowledge of such owner * * * shall not * * * exceed the amount or value of the interest of such owner in such vessel, and her freight then pending.'' (U. S. Code, tit. 46, § 183.)

'' The vessel owner, within six months after a claimant shall have given to or filed with such owner written notice of claim, may petition a district court of the United States of competent jurisdiction for limitation of liability * * *. Upon com-

pliance with the requirement of this section all claims and proceedings against the owner with respect to the matter in question shall cease." (U. S. Code, tit. 46, § 185.)

Concededly, the statute applies to cases of personal injury, wrongful death, and other maritime torts. (*Matter of Eastern Transp. Co.,* 37 F. 2d 355, 363; *The Harry Hudson Smith,* 142 F. 724, 725.) Concededly, also, the benefits of the statute may be claimed by pleading it as a defense to the action itself, or by filing a petition for relief. (*Cantey* v. *McLain Line,* 40 F. Supp. 887, 888; *The Lotta,* 150 F. 219, 221, 223.) " There is no reason to doubt that this proper defense may be availed of in the state court " (*The Lotta, supra*). However, plaintiff urges that, since the amendment of 1936, the time within which limitation of liability can be sought expires within six months after the action is brought or the claim filed; and that, since such time has expired, the relief sought must be denied.

There can be no doubt that, where the relief is sought by petition, the six months' limitation applies. On the other hand, where the relief is sought by answer in the action itself, the question as to whether the limitation applies is not free from doubt. The most recent case upon the subject (*Cantey* v. *McLain Line,* 40 F. Supp. 887, *supra*) holds that Congress, by the 1936 amendment, intended that the six months' limitation should apply only to the remedy by petition, and that the amendment was not intended to create any limitation of time as to when the issue might be raised by answer. However, as the learned District Judge was careful to point out: " There is a decided conflict of opinion upon this question, without any ruling by an Appellate Court that I have been able to find " (at p. 888). Since the *Cantey* case is the last pronouncement on this troublesome problem, I have decided to follow the decision in that case and to hold that the six months' limitation is inapplicable where, as here, relief is sought by answer in the action itself.

The remaining question is whether the loss or damage was occasioned without the " privity or knowledge " of the defendant. This issue, pursuant to stipulation, was tried by the court without a jury. In considering that issue, it should be borne in mind that the verdict of the jury imports a finding that the decedent came to his death by reason of a defective and dangerous hatch cover; that is, a hatch cover " too short " for the hatchway. And the negligence of the defendant consisted in its failure to make reasonable, proper and necessary inspections to discover and remedy this structural defect. Accordingly, if, within the meaning of the statute, the condition existed with-

out the privity or knowledge of the defendant, it is entitled to limit its liability. Did the condition exist without the defendant's privity or knowledge?

In construing the statute, it has been consistently held, and it is now firmly established, that the words " privity or knowledge," as used in the statute, mean the personal privity or knowledge of the owner, and not the mere privity or knowledge of an agent or employee; except that, where the owner is a corporation, the privity or knowledge of a managing officer or agent is regarded as the privity or knowledge of the corporation itself; that, moreover, the ship's master or captain or other men who actually go to sea are not managing agents within the meaning of the statute, and that their privity or knowledge cannot be imputed to the corporate owner. (*Matter of Eastern Transp. Co.*, 37 F. 2d 355, 363, *supra; Lord* v. *Goodall S. S. Co.*, 4 Sawy. 292, 300, affd. 102 U. S. 541.) " The word ' privity ' of the owner, as used in the statute, means some fault or neglect in which the owner personally participates. The word ' knowledge ', as used, means some personal cognizance, or means of knowledge, of which the owner is bound to avail himself, of a contemplated loss, or of a condition of things likely to produce or contribute to a loss, without adopting appropriate means to prevent it." (*Matter of Eastern Transp. Co., supra,* p. 363.)

The burden of proof on the right to limit liability is on the vessel owner. He must establish absence of privity or knowledge of the condition which resulted in the loss or damage. (*The Vestris,* 60 F. 2d 273, 278; *The Miami,* 43 F. 2d 562, 564; *Christopher* v. *Grueby,* 40 F. 2d 8, 14.) Has the defendant sustained the burden of proof?

I am not satisfied with the defendant's proof. The existence of the condition, of course, must be assumed. It was found by the jury. Nevertheless, defendant's witnesses, including not only its managing officers and agents but its ship's captain, insisted they knew of no such condition. It is difficult to accept their testimony. Some of these witnesses must have known of the condition. It could not have existed without their privity or knowledge. Moreover, the defect was a structural defect, and must have been in existence for a long period of time. In any event, the defendant was bound to take steps to ascertain the condition of the vessel before chartering it. It was bound to discover and remedy its defective condition. Certainly, if there had been any proper system of inspection or any justifiable reliance upon any competent agent or employee, the condition could have been discovered and remedied. I am not convinced,

therefore, that defendant's managing officers or agents did not, or with reasonable diligence could not have discovered and dealt with, the condition. As has been aptly stated: "Neglect to inspect the vessel or properly to provide a system of inspection creates ordinarily such privity with a disaster arising from a defective condition of the vessel as to preclude limitation." (3 Benedict on Admiralty, 6th ed., pp. 385, 386.)

Under the circumstances, privity or knowledge of the corporate defendant may properly be inferred, and the defendant is not entitled to limit its liability.