**MAPCO PETROLEUM, INC.,**
**Plaintiff–Appellant**

v.

**MEMPHIS BARGE LINE, INC.,**
**Defendant–Appellant.**

Supreme Court of Tennessee,
at Jackson.

Feb. 22, 1993.

C. Barry Ward, William R. Bradley, Jr., Glankler, Brown, Gilliland, Chase, Robinson & Raines, Memphis, Robert T. Lemon, II, Jones, Walker, Waechter, Poitevent, Carrere & Denegre, New Orleans, LA, for plaintiff Mapco.

G. Ray Bratton, Eugene Stone Forrester, Jr., Farris, Hancock, Gilman, Branan & Hellen, Memphis, Machale A. Miller, O'Neil, Eichin, Miller & Breckinridge, New Orleans, LA, for defendant Memphis Barge.

## OPINION

DROWOTA, Justice.

In this admiralty case, Mapco Petroleum, Inc. ("Mapco"), and Memphis Barge Line, Inc. ("Memphis Barge") have appealed from a judgment of the Court of Appeals finding that the Circuit Court for Shelby County lacked jurisdiction to consider a limitation of liability defense asserted pursuant to 46 U.S.C.App. § 183. The issue presented is one of first impression, whether courts of this state have subject matter jurisdiction to adjudicate an affirmative defense asserted under the Limitation of Vessel Owner's Liability Act, specifically 46 U.S.C.App. § 183. We answer in the affirmative and, accordingly, reverse the courts below.

The Defendant, Memphis Barge, is the owner and operator of the vessel M/V Sebring. The Plaintiff, Mapco, is the owner and operator of petroleum refinery and

dock facilities located on the Mississippi River. On December 7, 1986, the M/V Sebring was pushing a 3-barge tow towards one of Mapco's dock facilities for the purpose of mooring at the dock for the night. Instead of mooring as intended, a barge being towed by the M/V Sebring struck and damaged Mapco's dock.

Mapco filed suit against Memphis Barge in the Circuit Court of Shelby County claiming that the damage to its dock was attributable to the negligence of Memphis Barge. In its answer, Memphis Barge asserted an affirmative defense under 46 U.S.C.App. § 183, seeking to limit its liability to $353,515.58, the value of the M/V Sebring and its freight. Mapco moved to strike the affirmative defense, claiming that the court lacked subject matter jurisdiction to consider it. The trial court agreed and ordered the defense stricken. Thereafter, the parties stipulated that Mapco was entitled to recover damages in the amount of $690,000.00 exclusive of prejudgment interest. The trial court entered judgment in accordance with this stipulation, plus interest, for a total judgment of $905,915.02. Memphis Barge then appealed. The Court of Appeals held that "state courts lack jurisdiction to determine if a vessel owner is entitled to limited liability if the shipowner's right to limit liability is challenged." However, the Court remanded the case for a determination of whether Mapco had a non-frivolous basis for challenging the defense on the merits. Both parties have appealed from the decision of the Court of Appeals.

## I.

■ Our analysis of the jurisdictional question in this case must begin with the recognition that Article III, Section 2, of the United States Constitution vests admiralty and maritime jurisdiction in the federal courts. Congress implemented this constitutional power in 28 U.S.C. § 1333 which provides in part that "[t]he district courts shall have original jurisdiction, exclusive of

the courts of the States, of: (1) Any civil case of admiralty or maritime jurisdiction, saving to suitors in all cases all other remedies to which they are otherwise entitled." The so-called "savings to suitors clause" of Section 1333 gives a party injured in an incident occurring on the navigable waters of the United States the option of filing a claim in a state court instead of a federal court whenever the injured party is seeking a common law remedy (i.e., money damages as in the instant case). *Roth v. Cox,* 210 F.2d 76, 78–79 (5th Cir.1954), *aff'd,* 348 U.S. 207, 75 S.Ct. 242, 99 L.Ed. 260 (1955); *Eastern Steel & Metal Co. v. Hartford Fire Ins. Co.,* 376 F.Supp. 763, 765 (D.Conn.1974); *Pfeiffer v. Weiland,* 226 N.W.2d 218, 220 (Iowa 1975); *Hebert v. Diamond M. Co.,* 367 So.2d 1210, 1215 (La.App.1978). Relying on the savings to suitors clause of Section 1333, Mapco, Plaintiff herein, elected to file its lawsuit seeking money damages in the Circuit Court of Shelby County.

■ As stated above, Memphis Barge asserted in its answer an affirmative defense under 46 U.S.C.App. § 183, which provides in pertinent part:

(a) The liability of the owner of any vessel, whether American or foreign, for any ... loss, or destruction by any person of any property, goods, or merchandise shipped or put on board of such vessel, or for any loss, damage, or injury by collision, or for any act, matter, or thing, loss, damage, or forfeiture, done, occasioned, or incurred, without the privity or knowledge of such owner or owners, shall not ... exceed the amount or value of the interest of such owner in such vessel, and her freight then pending.

46 U.S.C.App. § 183(a).

Section 183 is the substantive provision of the Limitation of Vessel Owner's Liability Act, 46 U.S.C.App. § 181 *et seq.*[1] It provides that the owner of a vessel can limit liability for losses occurring on the navigable waters of the United States to

---

1. Congress enacted the Act in 1851 in an effort to promote American merchant marine trade and to put American vessel owners on equal footing with their foreign competitors. *See Norwich Company v. Wright,* 80 U.S. (13 Wall.) 104, 20 L.Ed. 585 (1871).

the value of the vessel and its freight, provided the loss occurred without the privity and knowledge of the owner or owners.[2]

■ Aside from Section 183, Section 185 of the Act provides for a procedure known as a "concursus," whereby the vessel owner can file a petition in federal court evoking the limitation of liability provision of Section 183.[3] The purpose behind a Section 185 proceeding in federal court is to permit all actions against the vessel owner to be consolidated in a single case which will then dispose of all claims simultaneously. *Complaint of Caldas*, 350 F.Supp. 566, 575 (E.D.Pa.1972), *aff'd*, 485 F.2d 678, 679 (3rd Cir.1973). Congress established the Section 185 concursus procedure because maritime casualties often involve interstate commerce with injuries to multiple parties with diverse domiciles. As a result, a ship owner can be subject to multiple suits by multiple parties in multiples forums. For whatever reason, perhaps because of the lack of the threat of multiple suits, Memphis Barge did not file a Section 185 limitation of liability proceeding in federal court.

■ Although the Act specifically provides a procedure for limiting liability through the filing of a Section 185 petition in federal court, the U.S. Supreme Court has long recognized that this is not the exclusive means by which a vessel owner may assert the limitation defense under Section 183. The benefits of Section 183 can also be obtained by raising the limitation by way of answer to a suit commenced in state court against the vessel or its owner. *Ex Parte Green*, 286 U.S. 437, 52 S.Ct. 602, 76 L.Ed. 1212 (1932); *Langnes v. Green*, 282 U.S. 531, 51 S.Ct. 243, 75 L.Ed. 520 (1931); *Carlisle Packing Co. v. Sandanger*, 259 U.S. 255, 42 S.Ct. 475, 66 L.Ed. 927 (1922); *The Scotland*, 105 U.S. 24, 26 L.Ed. 1001 (1881). Thus, the rule is that the vessel owner may raise the Section 183 limitation defense in its answer in state court brought by the injured party under the savings to suitors clause of Section 1333, as well as in a concursus proceeding brought in federal court by the vessel owner under Section 185. *Langnes*, 282 U.S. at 540–41, 51 S.Ct. at 246–47; *Signal Oil & Gas Co. v. Barge W–701*, 654 F.2d 1164, 1173 (5th Cir.1981)[4]; *The Chickie*, 141 F.2d 80, 84 (3rd Cir.1944). Accordingly, state courts have adjudicated the right of vessel owners to limit their liability under Section 183. *See, e.g., Fishboats, Inc. v. Welzbacher*, 413 So.2d 710, 717–19 (Miss.1982); *The Golden Touch*, 1967 A.M.C. 353 (R.I.Super.Ct.1966), *cert. denied*, 226 A.2d 505 (R.I.1967); *De Pinto v. O'Donnell Transp. Co.*, 180 Misc. 649, 40 N.Y.S.2d 218 (N.Y.Sup.1943); *Loughin v. McCaulley*, 186 Pa. 517, 40 A. 1020, 1021–22 (1898).

## II.

Relying upon *Vatican Shrimp Co., Inc. v. Solis*, 820 F.2d 674 (5th Cir.1987), and *Cincinnati Gas & Elec. Co. v. Abel*, 533 F.2d 1001 (6th Cir.1976), Plaintiff Mapco contends that the Section 183 limitation defense can be asserted as an affirmative

**2.** Knowledge and privity of the owner or owners as used in Section 183 means that the owner or owners were aware or should have been aware of the likelihood of the incident prior to the ship's departure. *Bankers Trust Co. v. Bethlehem Steel Corp.*, 761 F.2d 943, 952 (3rd Cir. 1985). In other words, there can be no limitation of liability when the owner knew or should have known the vessel was unseaworthy or had a defect or condition likely to cause loss. *Shaver Transportation Co. v. Chamberlain*, 399 F.2d 893, 895 (9th Cir.1968); *Zeringue v. Golf Fleet Marine Corp.*, 666 F.Supp. 860, 863 (E.D.La. 1986); *Petition of Oskar Tiedemann & Co.*, 179 F.Supp. 227, 236 (D.Del.1959), *aff'd*, 289 F.2d 237 (3rd Cir.1961).

**3.** "The vessel owner, within six months after a claimant shall have given to or filed with such

owner written notice of claim, may petition a district court of the United States of competent jurisdiction for limitation of liability.... Upon compliance with the requirements of this section all claims and proceedings against the owner with respect to the matter in question shall cease." 46 U.S.C.App. § 185.

**4.** "The statute offers two avenues of limitation. A vessel owner may petition the district court, pursuant to 46 U.S.C.App. Section 185, the limitation of liability within six months of written notification to it of a possible claim; under Section 185, the owner's petition in a particular case may well be the first filing in court. Section 183, which established the substantive right of a vessel owner to limitation, also allows limitation to be pled as a defense in answer to an earlier filed damage suit." 654 F.2d at 1173.

defense in a state court action, but the state court loses subject matter jurisdiction to consider the defense if the plaintiff contests the vessel owner's right to limit liability. Memphis Barge argues that *Vatican Shrimp* and *Cincinnati Gas* are inapplicable and, in any event, misconstrue the U.S. Supreme Court decisions in *Langnes v. Green*, 282 U.S. 531, 51 S.Ct. 243, 75 L.Ed. 520 (1931), and *Ex Parte Green*, 286 U.S. 437, 52 S.Ct. 602, 76 L.Ed. 1212 (1932). Memphis Barge maintains that a state court does have subject matter jurisdiction to adjudicate a Section 183 defense when there is no companion Section 185 action pending in federal court to divest the state court of jurisdiction.

## A. *Langnes* and *Ex Parte Green*

In *Langnes*, the injured party elected to commence suit seeking damages in state court instead of federal court under the savings to suitors clause of Section 1333. Two days before the trial, the vessel owner commenced its own Section 185 petition in federal court which, in turn, issued an order restraining further prosecution of the state court action. *Langnes*, 282 U.S. at 532–34, 51 S.Ct. at 244.

The U.S. Supreme Court first observed that under the savings to suitors clause, the injured party had a right to proceed in state court because he was seeking a common law remedy, money damages. *Id.* at 538–40, 51 S.Ct. at 246. At the same time though, Section 185 gave the vessel owner the right to seek limitation of liability in federal court. *Id.*[5] Given these competing legal interests, the Court cast the case in the following terms:

> Upon the face of the record, the state court, whose jurisdiction already had attached, was competent to afford relief to the petitioner. The difference in the effect of adopting one or the other of the two alternatives presented to the district

court was obvious. To entertain the cause [in federal court] would be to preserve the right of the ship owner, but to destroy the right of the suitor in the state court to a common law remedy; to remit the case to the state court would be to preserve the rights of both parties. *Id.* at 541, 51 S.Ct. at 247. Recognizing that the need for a concursus was nonexistent in the context of a single claimant dispute, the Court dissolved the restraining order "retaining, as a matter of precaution, the petition for a limitation of liability to be dealt with in the possible but ... unlikely event that the right of the [ship owner] to a limited liability might be brought into question ... or the case otherwise assume such form as to bring it within the exclusive power of [the federal court]." *Id.*

In analyzing the case, the Supreme Court observed that had the vessel owner elected to do so, he could have pleaded the Section 183 limitation defense in the state court action and obtained a complete resolution of that defense there:

> [T]his Court has accepted the view that in a state court, when there is only one possible claimant and one owner, the advantage of [Section 183] may be obtained by proper pleading. (Citations omitted).
>
> Upon the present record, the necessary result of this holding is that the state court, in the action there pending and in the due course of the exercise of its common law powers, was competent to entertain the claim of a ship owner for a limitation of liability and afford him appropriate relief under the statute dealing with that subject. (Citations omitted).

*Id.* at 540, 51 S.Ct. at 247. The Court added that the ship owner was not required to raise the Section 183 limitation defense in the state court action, but could opt for the other procedural means of doing so by filing a Section 185 petition in federal court and then pleading Section 183 there. *Id.*

5. "That the action brought in the state court was authorized by [the savings to suitors clause] is plain. That the petition of the owner in the present case was properly brought, and that the federal court had jurisdiction to entertain it, ... is equally clear. (citations omitted). The situation, then, is that one statute gave [the injured party] the right to a common law remedy, which he properly sought in the state court; and another statute [Section 185] gave [the vessel owner] the right to seek a limitation of liability in the federal district court." 282 U.S. at 539–40, 51 S.Ct. at 246.

Shortly after the *Langnes* decision, the Court was called upon in *Ex Parte Green* to write a short follow-up to *Langnes* because the injured party challenged, in the state court, the vessel owner's knowledge and privity. *Ex Parte Green*, 286 U.S. at 438–40, 52 S.Ct. at 603. The Court, in *Ex Parte Green*, reiterated most of what it said in *Langnes* and held that the case was properly before the federal court for resolution. *Id.*

Significantly, the Court in *Langnes* and *Ex Parte Green* did not hold that where, as in the instant case, the vessel owner elects to proceed with its limitation defense as an affirmative defense in the state court action instead of filing a Section 185 petition in federal court, the state court does not have subject matter jurisdiction. Read together, *Langnes* and *Ex Parte Green* hold only that when the injured party sues in state court *and the vessel owner responds by filing a Section 185 petition in federal court*, the federal court has jurisdiction. The difference between *Langnes* and *Ex Parte Green* and the instant case is that Memphis Barge did not file a Section 185 petition in federal court—unlike the vessel owner in *Langnes* and *Ex Parte Green*. As discussed below, this difference is dispositive.

B. *Vatican Shrimp* and *Cincinnati Gas*

*Vatican Shrimp* and *Cincinnati Gas*, both cited by Mapco as authority that the trial court lacked jurisdiction to adjudicate the Section 183 limitation defense, involved essentially the same facts. In both cases, the injured party filed suit in state court and the vessel owner plead the limitation defense under Section 183. Thereafter, the vessel owners commenced Section 185 proceedings in federal court, but did so after the 6 month time period contained in Section 185 had expired. Thus, the narrow issue presented to the Fifth and Sixth Circuits in *Vatican Shrimp* and *Cincinnati Gas* was whether a vessel owner, by asserting the Section 183 limitation defense as an affirmative defense in state court, tolled the time bar applicable to Section 185 for purposes of commencing limitation proceedings in federal court. In both cases,

the court concluded that the Section 185 proceedings were not timely filed and dismissed the limitation petitions.

In support of its position in the instant case, Mapco points to various statements in *Vatican Shrimp* and *Cincinnati Gas* to the effect that "[w]hen the right to limited liability is contested it becomes impossible to dispose of all issues in a single proceeding in a state court." *Cincinnati Gas*, 533 F.2d at 1004. Also, "[t]he state court lost jurisdiction of the limitation of liability issue when the claimant contested the owner's right to avail itself of limitation and only an admiralty court had jurisdiction to decide the issue." *Id.* at 1005.

These statements in *Vatican Shrimp* and *Cincinnati Gas* were made in the context of a vessel owner ultimately electing to proceed by way of Section 185 in federal court and have the limitation defense of Section 183 heard in that proceeding. *Vatican Shrimp* and *Cincinnati Gas* are unlike the present case where the vessel owner, Memphis Barge, elected to plead its Section 183 defense in the state court proceeding instead of a Section 185 petition in federal court. In other words, neither *Vatican Shrimp* or *Cincinnati Gas* addressed the precise issue before this Court which is whether a state court has jurisdiction to hear a Section 183 limitation defense when the vessel owner, instead of filing a Section 185 petition in federal court, elects to have the defense heard in state court by affirmatively pleading it. Rather, *Vatican Shrimp* and *Cincinnati Gas* both address the question of whether a Section 185 petition, which by its express terms must be filed in federal court within 6 months, was filed timely, even though the vessel owner plead the Section 183 limitation defense in state court within the 6 months.

Moreover, *Langnes* and *Ex Parte Green*, relied upon by *Vatican Shrimp* and *Cincinnati Gas*, must be viewed in a procedural posture distinct from the present case. In *Ex Parte Green*, the follow-up to *Langnes*, the vessel owner, unlike Memphis Barge, had filed a Section 185 concursus proceeding in federal court—an action which, by the express terms of Section 185,

*specifically conferred exclusive jurisdiction* on the federal court thereby removing the issue from the state court's jurisdiction. The vessel owner had invoked Section 185's statutory divestiture of concurrent subject matter jurisdiction. Memphis Barge has not.

### III.

■ Based upon the foregoing discussion, we hold that a state court is empowered to decide the applicability and merits of a Section 183 limitation defense when it is raised by way of answer and there is no companion Section 185 proceeding in federal court. This necessarily means that a state court would not have jurisdiction when the vessel owner elects to assert its Section 183 limitation defense in a timely filed Section 185 petition. Memphis Barge has not filed a Section 185 petition and thus its Section 183 right of limitation has not been made subject to exclusive federal subject matter jurisdiction. This holding is consistent with the U.S. Supreme Court's observation in *Langnes* that "the advantage of [Section 183] may be obtained by proper pleading" when there is one claimant and one owner and that the "state court, in the action there pending and in the due course of the exercise of its common law powers, *was competent to entertain a claim of the ship owner for a limitation of liability and afford him appropriate relief under the statute dealing with that subject.*" 282 U.S. at 540, 51 S.Ct. at 247 (emphasis supplied). We thus construe *Langnes* and *Ex Parte Green* to recognize that a state court is fully competent to hear and decide the merits of a limitation defense, provided the vessel owner does not invoke the exclusive jurisdiction of the federal courts by filing a Section 185 concursus petition. Other courts, either explicitly or by implication, have reached the same conclusion. *See Fishboats, Inc. v. Welzbacher,* 413 So.2d 710 (Miss1982) (affirming trial court's finding that owner had privity and knowledge of unseaworthy condition of vessel and thus was not entitled to limit liability); *The Golden Touch,* 1967 A.M.C. 353 (R.I.Super.Ct.1966), *cert. denied,* 226 A.2d 505 (R.I.1967) (motion to

strike limitation of liability defense denied where raises by way of answer if federal jurisdiction was not invoked.); *De Pinto v. O'Donnell Transp. Co.,* 180 Misc. 649, 40 N.Y.S.2d 218 (N.Y.Sup.1943) (holding that the vessel owner was not entitled to limit liability because it had "privity or knowledge"); *Brinson & Kramer v. Norfolk S.R. Co.,* 169 N.C. 425, 86 S.E. 371, 373 (1915) (trial court's judgment for vessel owner, relying on Section 183, reversed where owner failed to establish vessel's seaworthiness); *Loughin v. McCaulley,* 186 Pa. 517, 40 A. 1020 (1898) ("[w]e are of the opinion that [the defendant owner's] right to make this defense [Section 183] is clear and we see no difficulty in our enforcing it in this action").

Finally, we note that Section 183, in creating the limitation defense, itself places no restriction upon the forum in which the defense may be asserted. Section 185, in contrast, specifically restricts the forum in which a concursus may be brought to federal court. Had Congress intended to similarly limit Section 183, it could have included the same restriction. The implication is that Congress did not intend to deny the limitation defense to a vessel owner who, because of the absence of the threat of widespread litigation with multiple plaintiffs, elects not to proceed by way of concursus in federal court.

The judgment of the Court of Appeals is modified. The case is remanded for proceedings consistent with this opinion. Upon remand, Mapco can, of course, challenge the limitation defense on its merits, i.e., the value of the vessel and its freight, and or its applicability, i.e., knowledge and privity of the owner. Costs are taxed to Mapco.

REID, C.J., and O'BRIEN, DAUGHTREY and ANDERSON, JJ., concur.