## THE EUREKA NO. 32.

### (District Court, S. D. New York. May 7, 1901.)

SHIPPING—PROCEEDING TO LIMIT LIABILITY—WHEN MAINTAINABLE—SINGLE CLAIM.

A proceeding in admiralty for limitation of liability under Rev. St. §§ 4284, 4285, should not be entertained where there is but one known claim, and the nature of the accident or loss makes improbable any other, and where the petition neither avers a belief in the existence of any other claim, nor shows any grounds for apprehending any other. In such case the statutory limitation of liability is effectually available as a defense under section 4283, by answer in the action on the single claim; and such procedure not only avoids the expense of the special proceeding, but preserves the plaintiff's right of jury trial, which should not be interfered with any further than necessary to effectuate the purpose of congress.[1]

In Admiralty. Petition for limitation of liability.

Wilcox, Adams & Green, for application.

BROWN, District Judge. Upon a petition filed by the above-named petitioner, owner of the coal barge Eureka No. 32, application is made for an order for the appraisement of the barge in proceedings to limit the liability of the owner of the Eureka, pursuant to sections 4284 and 4285 of the United States Revised Statutes. The petition alleges that an action has been brought in the supreme court of this state against the petitioner and the Oceanic Steam Navigation Company, owner of the steamship Oceanic, by Mary Madigan, the widow and administratrix of Patrick Madigan, deceased, to recover the sum of $20,000 for the benefit of his widow and next of kin, under the New York statute, on account of the death of Patrick Madigan, caused by the alleged negligence of the defendants in said suit while the decedent was engaged in shoveling coal in the hold of the Eureka, which was being discharged by means of tubs into the steamer Oceanic alongside; that it was alleged in that suit that the hold was dark and insufficiently lighted, and insufficient means used to prevent the tubs from swinging, so that without warning to the deceased, and without fault on his part, his head was violently struck and crushed, causing his death soon after.

The above is the only claim stated in the petition; nor is there any averment of any other debt or liability of the petitioner on account of the Eureka. The petition avers, however, that there were a number of men on the barge besides those in the hold engaged in the work; that "acts of negligence may have been committed or other things done by those on board or those in charge of said barge of which your petitioner has no knowledge, but for which the petitioner avers suits may thereafter be brought against it, and against which the petitioner would be entitled to limit its liability in this

[1] Limitation of shipowner's liability, see note to The Longfellow, 45 C. C. A. 837.

proceeding, if such there were." The petition further states that the voyage or trip of the Eureka, in connection with which the accident occurred, was a trip from Jersey City to pier 48 North River, New York City, on which the Eureka had been towed across the river to deliver a cargo of coal to the Oceanic pursuant to contract, upon which there was "no freight pending."

In the case of The Rosa (D. C.) 53 Fed. 133, I declined to entertain jurisdiction of proceedings in limitation of liability under such circumstances, stating the reasons for my decision. I am aware that a different conclusion is reached in the case of Quinlan v. Pew, 5 C. C. A. 438, 56 Fed. 111, and in the more recent case of The McCaulley (D. C.) 99 Fed. 302. Highly as I respect the decisions of those courts, I am unable to appreciate the force of the reasons given for the decisions, contrary to what seems to me to be the plain language of section 4284, which in terms limits a proceeding for a pro rata distribution to cases in which there are several distinct claims. Section 4285 refers to "such claimants," i. e. a case within section 4284; and in the act of 1851 (9 Stat. 635) both were parts of the same section. Rules 54 to 57 of the supreme court in admiralty imply the same limitation, and were intended only for cases of several claimants. The Scotland, 105 U. S. 33, 26 L. Ed. 1001.

As stated in the case of The Rosa, where there is but a single outstanding demand, it seems to me an unjustifiable extension of section 4284, and an encroachment upon the ordinary rights of suitors in state courts, to interfere with litigation in the state courts beyond what congress has authorized. Whenever a case arises under section 4284, that is, where there are several claims for a loss or damage on the same voyage, jurisdiction is no doubt conferred to entertain this special proceeding; and as held in the case of Elwell v. Geibei (C. C.) 33 Fed. 71, this jurisdiction is most properly exercised by the district courts only.

The case of In re Morrison, 147 U. S. 14, 13 Sup. Ct. 246, 37 L. Ed. 60, was one of collision, where the Alva was sunk, in which there was not only every probability of numerous claims, but in the papers before the supreme court other claims affirmatively appeared. Where suit has been brought upon one claim and the circumstances are such as to make probable the existence of other claims arising out of the same accident, as in cases of collision, or from any other circumstances of the same voyage, sections 4284 and 4285 may no doubt be rightly invoked and proceedings thereunder instituted for a pro rata distribution; but where there is but one known claim, and the nature of the accident or loss makes improbable any other, and the petition neither avers a belief in the existence of any other claim, nor shows any grounds for apprehending the existence of any other, the case seems to me to be wholly outside of the provisions of sections 4284 and 4285, and to be fully covered and provided for by defense under section 4283 by answer in the state suit. The limitation of liability is then completely and effectually available by way of defense in the state court under that section. The Scotland, 105 U. S. 24, 33, 26 L. Ed. 1001; Loughin

108 F.—43

v. McCaulley, 186 Pa. 517, 40 Atl. 1020. There is no need of any trustee in such a case, nor of any of the cumbrous, dilatory and expensive machinery of the special limited liability proceedings under sections 4284 and 4285.

The court cannot fail to recognize that practically the only object of applications upon a single claim like this is, to get the case away from the common-law jurisdiction and a trial by jury. But this right to a common-law remedy, with its attending jury trial, is precisely the right which section 563 of the Revised Statutes expressly reserves to suitors "in all cases where the common law is competent to give it." In the case of The Main, 152 U. S. 122, 14 Sup. Ct. 588, 38 L. Ed. 381, the supreme court, in quoting with approval the comments made in English cases upon the construction that should be given to the limited liability statute, viz., "so as to derogate as little as possible consistently with its phraseology from the otherwise legal rights of the parties," concludes by saying:

"Being in derogation of the common law, we think the court should not limit the right of the injured party to a recovery beyond what is necessary to effectuate the purposes of congress." Pages 132, 133.

Where there are several claims so as to require a pro rata contribution, no doubt a common-law remedy is not competent to give relief, because it does not include the equitable powers of the appointment of a trustee, or the summoning in of various different claimants so as to make a pro rata apportionment according to the various claims. But where there is but a single claim nothing of this kind is necessary. Full relief may be obtained by the shipowner in the original action, by answer setting up the statutory limitation of liability, the value of the vessel, and making proof accordingly on the trial. Such defenses by way of answer are not infrequent, as I am informed, in the state courts in this district. At this moment I have before me for decision a similar instance in this court, and such was The Scotland, 105 U. S. 24, 33, 26 L. Ed. 1001. Presumably, it is only because the common law is not competent to afford adequate relief to the shipowner by way of defense, where there are several claims requiring a pro rata division, that section 4284 provided for the independent special proceeding in cases "where there are several claims," requiring such a division.

One other incident of the independent proceeding under section 4284 and rule 55, that operates still further to the prejudice of the injured party is, that the costs and expenses of the proceeding are to be allowed to the ship owner. Thus a fund, already insufficient to make good the injured party's honest demand, is still further depleted by a cumbrous and expensive proceeding. These costs are (a) for a long and costly advertisement calling for imaginary claims having no existence; (b) a commissioner to take proof and report upon these imaginary claims, never to be presented; (c) the appointment of a trustee to take charge of the ship or its proceeds in order to provide for an imaginary pro rata distribution, which will never arise; and finally for the other statutory charges in the fee bill, in a proceeding wholly unnecessary and of no benefit to any one except the shipowner, to enable him to escape a jury trial.

Two other circumstances in the present case should also be mentioned.

(a) Section 4284 contemplates "voyages," and vessels making voyages. What the owner is required to turn over is "the vessel and her freight for the voyage." The only voyage of the Eureka in this case, according to the petition, was the brief passage across the North River as above stated, occupying perhaps a half hour; and the petition states that there was "no freight pending." The owner, however, carrying his own cargo must answer for a reasonable freight, as if he were carrying the goods of another. If such brief trips as the present can be treated as voyages within the statute, it is rather by accident than by any original design of the statute.

(b) More important is the circumstance, that in this case, although the tort was maritime, the maritime right of action died with the deceased. The present right of action is not maritime at all, but purely statutory. To this statutory action, trial by jury is an incidental right, secured by the state law as well as by section 563, subd. 8, Rev. St. U. S. For a maritime court to wrest such a statutory, nonmaritime right of action from the state tribunals, to the denial of a jury trial and in derogation of the common rights secured by both state and federal statutes, could only be justified by the necessary construction of the limited liability statute and the clear intent of congress, evidenced by the plain language of the act; neither of which, as it seems to me, here exist.

For these reasons I must decline to entertain the proceeding. The petitioner has leave to discontinue.