## Amos *v.* Delaware River Ferry Company, Appellant.

*Negligence—Ferries—Landing of passengers—Absence of gang plank.*

1. Where a ferry company fails to supply a gang plank to connect the boat with the floating dock at the point where passengers land, although it supplies one at the center of the boat for horses, and it appears that a passenger is injured while landing owing to the absence of such plank, and that the accident could have been avoided if a plank had been supplied, the company is guilty of negligence, and liable in damages to the person injured. In such a case it is not required of the plaintiff to show that it was usual and proper for ferryboats to have gang planks.

2. In such a case the plaintiff's contributory negligence is a question for the jury where it appears that plaintiff was in the act of stepping from the boat to the dock when the boat and dock were in contact, presenting an even surface, that she then looked ahead and stepped, and as she was doing so the boat receded somewhat, and her foot instead of reaching the dock went into the space between and was crushed by the returning surge of the boat.

*Negligence—Damages—Permanent disability—Expectancy of life.*

3. Where the age of a plaintiff at the time of an accident, and her previous physical condition and habits of life are in evidence and plain-

tiff herself appears, the jury are competent to judge her probable expectancy of life, and where the medical testimony shows that her disability will likely be permanent and always accompanied by pain and suffering to relieve which electrical and other treatment will be required, such treatment may be considered in estimating the damages.

*Negligence—Ships and shipping—Ferryboat—Limitation of liability —Value of vessel and freight—Jurisdiction of state and federal courts.*

4. The fact that the laws of Pennsylvania forbid a common carrier from limiting his liability for negligence does not take away the jurisdiction of the state court because the federal laws limit the liability of the owner of a vessel in the operation of which a person is injured, to the amount or value of the interest of the owner in the vessel and freight.

5. In such a case the vessel owner may make his defense of limited liability if he so chooses, and he may if he desires, have a special finding as to the value of the vessel.

Argued March 28, 1910. Appeal, No. 65, Jan. T., 1910, by defendant, from judgment of C. P. No. 5, Phila. Co., June T., 1905, No. 3,206, on verdict for plaintiff in case of Jennie Amos v. Delaware River Ferry Company of New Jersey. Before FELL, C. J., POTTER, ELKIN, STEWART and MOSCHZISKER, JJ. Affirmed.

Trespass to recover damages for personal injuries. Before MARTIN, P. J.

The circumstances of the accident are stated in the opinion of the Supreme Court.

At the trial the court admitted under objection and exception evidence as to the costs of electrical treatment. [1, 2]

The court charged in part as follows:

[Dr. Franklin, the visiting surgeon at St. Joseph's Hospital, testified that he had seen her three or four times during the last three or four years; for three years she had continued to get worse; he did not look for any improvement, and, in his opinion, the injury was the cause of her condition. The best means of treatment, in his opinion, would be massage, four or five times a

week, which would cost an average of $1.00 a treatment. He said that sometimes electric treatment had been beneficial, but he had not found much benefit from it in these cases, and could not say whether or not it would be desirable in this case, but that if such treatment was employed he would recommend the application once or twice a week, which would cost $1.00.] [3]

[If the evidence satisfies you that the injury permanently disables her you may regard her age and her probable duration of life and working capacity with a view of forming your judgment as to what amount she would have been able to earn if she had not suffered this injury, and that sum and no more should be awarded to her. She would not be entitled to an amount which invested would yield at interest the loss in earnings, but only such sum as will equal the money she would have earned if the injury had not occurred.] [4]

[The plaintiff testified that she saw there was no gang plank. The negligence charged by the plaintiff is that the persons in charge of the boat should have secured it in such a manner as to prevent it from surging back.] [5]

Defendant presented these points:

1. The plaintiff in this case having alleged that it was negligence on the part of the defendant to fail to supply a gang plank for the purpose of permitting her to disembark from the ferryboat when it was tied up in the dock at Kaighn's Point, must first prove that the proper and careful means for the disembarking of passengers from a ferryboat by other companies operating ferryboats is to place a gang plank at the exits for that purpose. The mere absence of a gang plank at the time of this accident raises no presumption of negligence. *Answer:* Refused. [6]

2. The presence or absence of a gang plank from the ferryboat to the dock has no bearing upon the negligence of the defendant until the plaintiff has first proved by competent evidence the necessity for a gang plank in the exercise of the duty owed by the defendant company to her as a passenger, and you must, therefore, disregard any

evidence in this case concerning its absence in finding whether or not there was negligence on the part of the defendant. *Answer:* Refused. [7]

5. If you believe from the evidence in this case that the plaintiff saw or could have seen the motion of the ferryboat, in the manner described by the witnesses, she was guilty of contributory negligence in not stepping from the boat to the dock carefully, because she had knowledge of the danger at that point, and her own negligence is an element which contributed to her injury, so that you must find a verdict for the defendant. *Answer:* Refused. [8]

6. Under all the evidence in this case your verdict must be for the defendant. *Answer:* Refused. [9]

Verdict and judgment for plaintiff for $8,000. Defendant appealed.

*Errors assigned* were (1, 2) ruling on evidence and (3–9) above instructions, quoting them.

*Wm. Clarke Mason*, for appellant.—The trial judge erred in admitting evidence of the cost of electric and massage treatment, and charging the jury upon the measure of damages: Amberson Ave., 179 Pa. 634; Burns v. Penna. Railroad Co., 219 Pa. 225; Goodhart v. Penna. Railroad Co., 177 Pa. 1; McHugh v. Schlosser, 159 Pa. 480; Penna. Railroad Co. v. Butler, 57 Pa. 335; Wallace v. Penna. Railroad Co., 219 Pa. 327.

The evidence offered by the plaintiff was not sufficient to prove negligence on the part of the defendant: Berninger v. Railroad Co., 203 Pa. 516; Seddon v. Bickley, 153 Pa. 271; Green v. Railroad Co., 214 Pa. 240; Herstine v. Railroad Co., 151 Pa. 244; Ault v. Cowan, 20 Pa. Superior Ct. 616; Ginn v. Railroad Co., 220 Pa. 552.

The evidence in the plaintiff's case shows that the plaintiff was guilty of negligence: Graham v. Penna. Co., 139 Pa. 149; Lerner v. Philadelphia, 221 Pa. 294; Hopkins v. R. R. Co., 225 Pa. 193.

The admiralty court of the United States has exclusive jurisdiction of this case: Loughin v. McCaulley, 186 Pa. 517.

Admiralty has exclusive jurisdiction of a proceeding by shipowners to limit their liability: Quinlan v. Pew, 56 Fed. Repr. 111; In re Starin, 124 Fed. Repr. 101; The John K. Gilkinson, 150 Fed. Repr. 454; The Southside, 155 Fed. Repr. 364; The Hoffmans, 171 Fed. Repr. 455; Loughin v. McCaulley, 186 Pa. 517; Butler v. Steamship Co., 130 U. S. 527 (9 Sup. Ct. Repr. 612); Norwich Co. v. Wright, 80 U. S. 104; Elwell v. Geibei, 33 Fed. Repr. 71; The Mary Lord, 31 Fed. Repr. 416; The S. A. McCaulley, 99 Fed. Repr. 302; The Lotta, 150 Fed. Repr. 219.

*Thomas Leaming*, with him *Michael Francis Doyle*, for appellee.—The learned trial judge did not err in admitting evidence of the cost of electric and massage treatment and in charging the jury upon the measure of damages.

The evidence is clear that the defendant was guilty of negligence: R. R. Co. v. Palmer, 33 N. J. L. 90; Spero v. R. R. Co., 21 Misc. (N. Y.) 683.

There is no evidence of contributory negligence on the part of the plaintiff.

The admiralty court of the United States has not exclusive jurisdiction of the case at bar: Baird v. Daly, 57 N. Y. 236; Brown v. Gilmore, 92 Pa. 40; Chase v. Steamboat Co., 9 R. I. 419; Steamer Petrel v. Dumont, 28 Ohio, 602; The Moses Taylor, 71 U. S. 411; The Hine v. Trevor, 71 U. S. 555; Waring v. Clarke, 46 U. S. 441; Navigation Co. v. Merchants' Bank, 47 U. S. 344; Steamboat Co. v. Chase, 83 U. S. 522; Taylor v. Carryl, 61 U. S. 583; Schoonmaker v. Gilmore, 102 U. S. 118.

OPINION BY MR. JUSTICE STEWART, May 24, 1910:

The plaintiff was a passenger on a ferryboat operated by the defendant company between points on the Dela-

ware river. The boat having reached its terminal, was docked in the usual way, and, the guards having been removed, passengers were invited to disembark. No gang plank connected the boat with the floating dock to which it was moored. While plaintiff was in the act of stepping from the boat to the dock the boat receded somewhat, and plaintiff's foot instead of reaching the dock went into the space between and was crushed by the returning surge of the boat. The negligence charged was the failure to provide a gang plank. The trial resulted in a verdict for the plaintiff. It is now complained that there should have been no submission of the case, inasmuch as it was not shown that it is usual and proper for ferryboats to be supplied with gang planks. It is quite evident that had there been a gang plank there in place, this accident could not have occurred. It may be entirely practicable to moor a ferryboat to a floating dock in a way which will preserve constant contact between the two, and at the same time a constant level surface. However this may be, we know that it was not done in this instance; and we have as the result an accident which might readily have been foreseen as likely to happen, and which by the exercise of common prudence would have been avoided. The plaintiff was not required to show that it was usual and proper for ferryboats to have gang planks. She did show that the defendant company in this instance thought it prudent, if not necessary, to have a gang plank in the center of the boat for the safe passage of horses from the boat, for it had supplied one. Why the same precaution that was taken to avoid accidents to horses was not taken to avoid accidents to passengers, was for the defendant to explain. To cite Herstine v. Lehigh Valley R. R. Co., 151 Pa. 244, is to show a clear misapprehension of what was there ruled. We quote from the opinion in the case: "It is now well settled that the rule in Laing v. Colder, 8 Pa. 479, is applicable to cases where a passenger is injured in, or because of, an accident happening to the train,

boat or other kinds of transportation. The reason of the rule in such cases is that a contract to carry is, within the understanding of both parties, a contract to carry safely; and a breach of this contract by reason of the failure or insufficiency of any of the means provided for the carriage, puts the carrier upon the defensive; the construction of these roads, cars and boats, and their management and care, are subjects peculiarly within the knowledge of the carrier, and with which the passenger has no means of becoming familiar. When an accident occurs, therefore, the presumption is that it is due to the want of care in construction, repair or management, and the burden of showing its own freedom from fault is on the carrier." So, in this case, the accident having occurred in the manner stated, the burden was on the defendant to show circumstances which would acquit it of blame. It showed nothing.

With quite as little reason can the submission of the question of plaintiff's contributory negligence be complained of by the defendant. A finding adverse to the plaintiff on this ground would have had no support in the evidence. Plaintiff testified that as she approached the end of the boat, with some fifteen passengers ahead of her, she looked and saw that there was no gang plank, but that the boat and dock were then in contact presenting an even surface, and that she then looked ahead and stepped. She was not required to keep her eyes upon the point of contact between the boat and landing; she had a right to assume that since there was no gang plank there, that an equally safe way had been provided, and that the designated path would be safe for her to follow. Her narrative of the occurrence, neither qualified nor contradicted, showed a case clear of contributory negligence, and it was extreme indulgence to the defendant to allow a submission of the question to the jury.

The exception taken to the ruling of the court with respect to the measure of damages is without merit. The ruling was conditioned on a finding of permanent

disability by the jury. The age of plaintiff at the time of the accident was in evidence; so also was her previous physical condition and habits of life. With this evidence, and the witness before them, the jury were competent to form their own judgment as to her expectancy of life. It was shown by medical testimony that not only was her disability likely to be permanent, but that no limit in time, other than her life, could be put with certainty to the pain and suffering which she would endure in consequence. For mitigation of this pain it was shown that electrical and other treatment would be required. It was objected that because it was not shown with greater degree of certainty how long such treatment would be required, it was not to be considered in estimating plaintiff's damages. In this, as in all elements of damage which have regard to the future, it is a question of likelihood as to continuance; but that is always for the jury. A sufficient basis was here afforded by the evidence for an intelligent judgment, and that was all that was required.

Finally, it is urged that the court was without jurisdiction to consider and adjudge the case. The argument advanced is, that under the laws of this state a common carrier may not limit his liability for negligence, and because of this fact the courts of the state cannot afford the defendant the benefit to which it is entitled under the acts of congress, and the rules of the supreme court of the United States for their enforcement, which acts and rules limit the liability in cases of this character to the amount or value of the interest of the owner in the vessel and freight then pending. The conclusion sought to be derived is that exclusive jurisdiction therefore is in the admiralty courts. We do not understand that the jurisdiction of the state court is challenged on any other ground than that above stated, namely, its inability to afford the relief allowed under federal statutes. Indeed, in the light of the decisions of this court, which are entirely in accord with the accepted doctrine of both federal

and state courts, apart from this one consideration now urged upon our attention, the concurrent jurisdiction of the state courts with the federal where a common-law right exists and the remedy sought is a common-law remedy, may be regarded as definitely and fully settled. The exclusive jurisdiction which is allowed the federal courts, as said above, is the matter of enforcement of the maritime lien in the way provided by the act of congress. This the state cannot do. Some federal and state cases recognizing the concurrent jurisdiction of the state courts where a common-law right is asserted, go so far as to hold that where there is but a single claim of damage, and no apportionment of the proceeds of the vessel is needed among several claimants, there is no need to adopt the methods provided by federal law, and that the state courts may apply their own remedy. Others held that the number of claimants is of no importance, and whether one or several, the federal courts alone have authority in the premises. The argument fails to allow full effect to the decision of this court in Loughin v. McCaulley, 186 Pa. 517. That was an action to recover damages for the death of plaintiff's husband, alleged to have been caused by the negligent operation of a steam tug which was owned by several parties. An offer on part of defendant to show the value of the tug and their proportionate interest in it, for the purpose of limiting their liability, was refused. A judgment having been recovered by the plaintiff, on appeal the rejection of the evidence was assigned as error. The judgment was reversed with a venire. The case is express authority for these several propositions: (1) where the case involves a common-law right the jurisdiction of the federal and state courts is concurrent; (2) a vessel owner may make his defense of limited liability in a state court if he so chooses; (3) his right to have his liability limitation administered in the federal courts is not absolute, but is contingent upon something being done by the vessel owner; and (4) where the action proceeds in the common

pleas, the vessel owner may, if he desire, have a special finding as to the value of the vessel. As to the first and second of these propositions, the case follows Albany City Ins. Co. v. Whitney, 70 Pa. 248, where the question of concurrent jurisdiction is distinctly settled. The following quotation from the opinion establishes the third, and it is too explicit to be misunderstood: "These statutory limitations of liability, so construed by the supreme court of the United States, would seem to settle the question in this case in favor of appellants. But it is argued for appellee that they cannot prevail against the prohibition in sec. 21, art. III, of the constitution of Pennsylvania against any limitation of the amount to be recovered for injuries resulting in death, and that in any view they cannot be administered by a Pennsylvania court in a common-law action. As to the first objection, it is clear that neither statute nor constitution of Pennsylvania can be set up against a right given by congress in its control of the maritime law of the country. That control is paramount, and when it has been exercised in a particular way all state authority must conform to it. The second objection, that the limitation cannot be administered by a state court in a common-law action, must depend primarily on the language of the acts of congress and the nature of the right which they confer. If such right is contingent on something to be done by the vessel owner or others, then we must look into the pleadings or the evidence of the acts of the parties. But if, on the other hand, the right is absolute, then clearly it cannot be defeated by the plaintiff's choice of the tribunal, and if the state court is unable through defect of its jurisdiction over parties or subject-matter, or through its methods of procedure, to protect the right, then the court must dismiss the case for want of appropriate powers to determine it in accordance with the paramount law on the subject." After discussing the provisions of the several acts of congress applicable, the opinion proceeds: "The provisions are manifestly in furtherance, not in restric-

tion, of the vessel owner's right, and are directory only, in the sense that they point out a method by which his right may be enforced, but are not exclusive of other methods which may be found effective for the same purpose. And such we understand to be the construction settled by the supreme court of the United States." The conclusion derived from a discussion of the cases cited is, that the modes pointed out by the several acts of congress are in aid and not in restriction of the owner's right to limit his liability, and are not therefore exclusive, but that the defense may be made in any form that the nature of the case and procedure of the court will permit. The opinion concludes: "We are of opinion that appellants' right to make this defense is clear, and we see no difficulty in enforcing it in this action. They should have been permitted to show the value of the tug, and their respective proportions of ownership in it. The most convenient practice then would be, after appropriate instructions to the jury, to direct them if they found for the plaintiff to find specially in addition the value of the tug, and the proportionate ownership of the several defendants. With these facts specifically found, the verdict could be molded by the court into proper form with less danger of mistake than if the whole were left in a lump to the jury." The plain logic of the opinion is that the right of a vessel owner to enforce a limited liability is not an absolute right, but contingent upon the owner asserting that right in the way provided by federal statute, that is, by applying in the admiralty court to have vessel or freight appraised. Until he does this, the jurisdiction of the common pleas is complete. Here the defendant made no request for a special finding as to the value of the boat; nor had it taken any steps to have the value adjudged in admiralty.

The assignments are overruled, and the judgment is affirmed.