DELAWARE RIVER FERRY CO. v. AMOS.

(District Court, E. D. Pennsylvania. July 6, 1910.)

No. 28.

SHIPPING (§ 209*)—LIMITATION OF VESSEL OWNER'S LIABILITY—SCOPE OF REMEDY—SINGLE CLAIM FOR LESS THAN APPRAISED VALUE.

Rev. St. § 4283 et seq. (U. S. Comp. St. 1901, p. 2943), limiting a vessel owner's liability for damage done without his privity or knowledge to the value of his interest in the vessel and in her freight then pending, and Supreme Court admiralty rules 54 to 57, prescribing procedure to ascertain the value of such interest, etc., relate to a claim or claims growing out of a particular act for which it is sought to hold the owner liable, and in the proceeding to limit the owner's liability it is these claims only that are pertinent in the first instance, the ultimate disposition of the fund produced by the owner's interest being a matter for subsequent determination; and admiralty may refuse to exercise its jurisdiction to limit liability, where there is and can be only a single claim against a single owner, and when the appraised value of the vessel exceeds many times the sum already adjudged to be due claimant.

[Ed. Note.—For other cases, see Shipping, Cent. Dig. § 648; Dec. Dig. § 209.*

Limitation of owner's liability, see note to The Longfellow, 45 C. C. A. 387.]

In Admiralty. Petition by the Delaware River Ferry Company against Jennie Amos. On respondent's exception to the petition. Petition dismissed.

William Clarke Mason, for petitioner.
Michael Francis Doyle and Thomas Leaming, for respondent.

J. B. McPHERSON, District Judge. Section 4283 of the Revised Statutes (U. S. Comp. St. 1901, p. 2943) declares inter alia that the liability of a vessel owner for any loss or damage done, occasioned, or incurred without his privity or knowledge shall in no case exceed the amount or value of his interest in the vessel and in her freight then pending. Succeeding sections, and admiralty rules 54 to 57 of the Supreme Court, provide the machinery for ascertaining the value of such interest, the amount of claims, and other matters pertinent to the inquiry. Under these provisions of the federal law the present petition has been filed.

It appears that Jennie Amos suffered a personal injury in 1905 on board a ferryboat belonging to the Delaware River Ferry Company, while the boat was upon the water between the Pennsylvania and the New Jersey shores of the Delaware river. This was a tort of which the District Court in admiralty had jurisdiction. But, as the admiralty jurisdiction of this particular wrong was not exclusive, she elected to sue in one of the common pleas courts of Philadelphia county. The ferry company took no steps to remove the controversy to the District Court, but litigated the case persistently and (in part at least) on the merits for five years in the courts of the state; there having been two trials in the common pleas and one appeal to the Su-

preme Court of Pennsylvania. The appeal resulted in the affirm-ance of a judgment for $8,000 against the company, upon which ex-ecution was duly issued. At this late stage in the dispute, the present petition was filed, asking for a limitation of the company's liability, and an appraisement has been made, valuing the boat at $92,250. The questions for decision arise upon an exception alleging that the District Court has no jurisdiction. I do not understand this to mean that the court has no jurisdiction of the subject-matter, but merely that under the facts disclosed in the proceeding it should not now entertain the petition.

Turning to the petition, we find that it sets forth the corporate ownership of the boat by the company, the fact of the respondent's injury during one of its trips across the river, a brief outline of the accident, a denial of fault or negligence on the part of the master or crew, and an averment that the injury was caused solely by the respondent's negligence. The petition then goes on:

"(6) That the said petitioner has contested in the court of common pleas No. 5, of Philadelphia county, and in the Supreme Court of the state of Penn-sylvania, in the aforesaid suit of Jennie Amos v. Delaware River Ferry Com-pany of New Jersey, the petitioner herein, the jurisdiction of the said court of common pleas of Philadelphia county in the premises, and has contended that the exclusive jurisdiction in the said suit is in the United States Dis-trict Court for the Eastern District of Pennsylvania sitting in admiralty. The said court of common pleas of Philadelphia county and the Supreme Court of Pennsylvania have held in the said suit that the said court of com-mon pleas of Philadelphia county had jurisdiction in the premises."

The prayer of the petition is that the company may have the bene-fit of the federal statutes relating to limitation of liability; that the interest of the company in the boat may be appraised; and that—

"the petitioner may give stipulation for the value thereof as fixed by such appraisement, or pay such value into court, the same to be for the benefit of the said Jennie Amos in case she shall establish the liability of the said peti-tioner in the premises, and of all other claimants who may prove to be enti-tled to claim compensation against the said ferryboat Ocean City by reason of the premises, or on account of any other claim or indebtedness due by your petitioner as owner of the said ferryboat at the time hereinbefore mentioned, and that such claims, when proved, be paid in proportion to the amounts or otherwise as this court shall direct, and that thereupon the petitioner may be discharged from all liability for all losses, injuries, and damages by reason of the premises aforesaid, and for all claims or debts incurred on account of the said ferryboat Ocean City, and, further, that the said court will be pleased to make an order to restrain the further prosecution of the before-named ac-tion, and of all or any suit or suits against the petitioner in respect to any such claim or claims."

It will be observed that the petition contains no averment that there are, or are likely to be, any other claims against the company growing out of the act that injured the respondent. From the nature of the accident, such claims are highly improbable. There is a vague and general suggestion that other claims or indebtedness may perhaps be due by the company as owner of the boat; but, even if definite averments on this subject existed, it is apparent, I think, that they would not be primarily relevant at this stage of the proceeding. The federal statutes refer to a claim or claims growing out of a particular

act for which it is sought to hold the owner liable, and in the proceeding to limit his liability it is these claims only that are pertinent in the first instance. What may be the ultimate destination of the fund that is produced by the owner's interest is a matter to be determined afterward. It there should be other creditors holding prior or preferred liens upon the owner's interest their rights may be a subject for consideration at the proper stage. But the precise question now is whether the District Court should exercise its jurisdiction to limit the owner's liability in a case where there is and can be only a single claim against a single owner, and when the appraised value of the vessel exceeds many times the sum already adjudged to be due to the claimant. The question is not ruled by The S. A. McCaulley (D. C.) 99 Fed. 302. As in all other cases, what was there said is to be applied to the facts then before the court, and especially to the facts that, while there was only a single claimant, there were several owners—some of them not served with process—whose liability needed to be apportioned, and that the value of the owner's interest had not been ascertained, nor the amount of the claim determined. Where there are numerous claimants, this of itself may be decisive in favor of the federal remedy, and the same decision may follow if there are several owners whose due proportion of liability needs to be determined, or if the relation between the amount of the claim or claims and the value of the owner's interest has not yet been ascertained. But where all this has already been done, and it is manifest that there is no object in the admiralty proceeding except to litigate again questions of fact that have been three times decided, it would be a reproach upon the law if the effort were allowed to succeed, unless the acts of Congress require the District Court to go on with the suit.

There is no authoritative decision upon the point now presented. In Quinlan v. Pew, 56 Fed. 120, 5 C. C. A. 438, although there was only a single claimant, there were several owners, and there is nothing in the report to show that the value of the vessel was greater than the claim. Moreover, the action there was originally brought in the District Court, and it seems clear that the court had jurisdiction of the controversy in any of its aspects, and properly decided that it could not be compelled to send the dispute to a state court for determination. The subject has been thoroughly discussed by Judge Brown in The Rosa (D. C.) 53 Fed. 132, and The Eureka (D. C.) 108 Fed. 672; and, while I am not sure that I am prepared to decide that a court of admiralty must decline jurisdiction in a case where there is, and can be, but a single claimant, and where he has originally appealed to that tribunal, I agree with the reasoning of these cases so far as to hold that the admiralty may properly refuse to act where the circumstances of the litigation are such as are now presented. See, also, The Garden City (D. C.) 26 Fed. 770; The Lotta (D. C.) 150 Fed. 219; and the opinion of the Supreme Court of Pennsylvania by Mr. Justice Stewart in Amos v. Delaware River Ferry Company, 228 Pa. 362, 77 Atl. 12.

It may be that I should be justified in taking the course pursued

in The Lotta—merely dissolving the injunction, heretofore granted, which restrains further proceedings upon the judgment in the state court. This would retain the petition for other purposes, in order to protect the ferry company's right to limit its liability, in case such right should hereafter be denied. But there are two reasons that lead me to dismiss the petition altogether: (1) I understand that the company's right to limit its liability is not questioned by the respondent; and (2) it seems to me important that the Court of Appeals should have an opportunity to pass speedily upon the point now involved, in order that the District Courts of this circuit may have definite instruction on a mooted question. An order merely dissolving the injunction might not be a final decree from which an appeal would lie, and I have therefore decided to dispose of the whole case.

For the reasons heretofore given, I decline to entertain jurisdiction, and direct the clerk to enter a decree dismissing the petition.