## Fields v. Philadelphia Rapid Transit Company.

*Res judicata—Judgment in Municipal Court for property damages bars subsequent action in Common Pleas for personal injuries.*

1. Where by a single tortious act of the defendant the plaintiff has suffered injury to his property and person, he must include both claims in the same suit.

2. In Pennsylvania the cause of action has no relationship to the items of damage; it is the negligent act or acts which occasioned the injury.

3. Based on the doctrine of *res judicata*, the former recovery can be invoked at any time without pleading.

4. A judgment in the Municipal Court for damages to plaintiff's horse, wagon and harness by defendant's negligence is a bar to a subsequent action in Common Pleas against the same defendant for personal injuries caused by the same collision, although the first action was brought exclusively for property damages.

Motion to take' off non-suit. C. P. No. 1, Phila. Co., March T., 1919, No. 865.

*Eugene Raymond,* for plaintiff; *Layton Martin Schoch,* for defendant.

SHOEMAKER, J., Nov. 12, 1921.—The plaintiff was driving a horse and wagon, owned by himself, when his team was struck by one of defendant's cars at Island Road and Lyons Avenue on Jan. 4, 1918. In the collision he sustained injuries to his person as well as damage to the horse and wagon. He brought suit against the defendant in the Municipal Court of Philadelphia, at April Term, 1918, No. 125. By the statement of claim filed therein only the property damages to the horse and wagon were claimed for. By the defendant's answer to said statement liability was denied in response to the averments of the statement. Neither in the statement of claim nor in the answer was any reference made to the injuries to his person which the plaintiff had sustained.

Said suit came for trial on May 4, 1918, and after the taking of testimony produced by both parties, the trial judge submitted the case to the jury in a charge in which no reference whatever was made to any personal injury sustained by the plaintiff, and by which the only items of damage submitted to the jury were the horse, $75, harness, $15, and wagon, $50. The verdict of the jury was in favor of the plaintiff for $140, upon which judgment was subsequently entered in plaintiff's favor, and the amount of the same paid to him by the defendant.

After the above-mentioned judgment had been entered and paid, the plaintiff consulted his present attorney, who, at plaintiff's instructions, began the present suit to recover for the personal injuries. By the pleadings in the case at bar, and the testimony at the trial, no claim was made for any property damage.

At the trial of the present case, however, on Oct. 4, 1921, the defendant, during the course of the direct examination of the plaintiff, interposed the defence of ʀes judicata as a bar to any recovery; whereupon the plaintiff made the following admission of record:

"Counsel for plaintiff admits that there was a case of Zack Fields against the Philadelphia Rapid Transit Company in the Municipal Court of Philadelphia, Civil Division, April Term, 1918, No. 125, Room 401, before the Honorable William Gray Knowles, which action was brought by the plaintiff, by his attorney, DeWitt C. Robinson, Esq., exclusively for the recovery of damages sustained by his horse and wagon on Jan. 4, 1918, in the accident which is the subjcet of the present suit in this court, and that this suggestion and admission are to be without prejudice to the plaintiff's rights in the case now on trial; in that trial in the Municipal Court there was a recovery by

the plaintiff." A non-suit was accordingly entered, which plaintiff has moved to take off.

The question of law before the court is thus stated by the plaintiff:

"Where by a single tortious act of the defendant the plaintiff has suffered injury to his property and person, must he include both claims in the same suit, or may he bring separate suits; one for the personal injuries, and another for the property damage? And does the circumstance that the earlier suit is brought and judgment recovered in a court of limited jurisdiction affect the question?"

In 1 Corpus Juris, page 1058, § 192, the proposition is thus stated:

"DIFFERENT KINDS OF INJURY FROM SAME ACT. While an infringement of separate rights, although of the same person and by the same wrongful act, has been held to give rise to separate causes of action, a distinction is to be observed between causes of action and elements of damage, and a complaint is not to be regarded as stating different causes of action merely because it states distinct items or elements of damage which result from the same wrongful act. In the application of this rule there is a conflict of authority as to whether an injury to both person and property from the same wrongful act gives rise to different causes of action, as infringing distinct rights, or to only one cause of action, with different elements of damage."

The principal case on the subject is Brunsden v. Humphrey, 14 Q. B. D. 141 (1884), which reversed the judgment in the same case, reported in 11 Q. B. D. 712 (1883). Coleridge, in his dissenting opinion in 14 Q. B. D. 152, said: "That the injury done to the plaintiff is injury done to him at one and the same moment by one and the same act in respect of different rights, i. e., his person and his goods, I do not in the least deny; but it seems to me a subtlety not warranted by law to hold that a man cannot bring two actions if he is injured in his arm and leg, but can bring two if, besides his arm and leg being injured, his trousers, which contain his leg, and his coat sleeve, which contains his arm, have been torn."

The decisions in America, following the decision in Brunsden v. Humphrey, rely on the theory that the suit is not based on the cause of the injury, but the damage which flows from it, and separate actions can be maintained for separate damage; that two separate kinds of injury were in fact inflicted, and, therefore, two wrongs done; that while the right arises from the negligence, it must be connected with an injury in order to permit the plaintiff to recover, and if no injury, no action; therefore, the action is determined by the damage.

In Pennsylvania the cause of action has no relationship to the item of damage; it is "the negligent act or acts which occasioned the injury:" Martin v. Pittsburgh Rys. Co., 227 Pa. 18; and in this State the law that a suit upon a contract cannot be split so that an amount or item due at the time of suit brought can afterwards be sued for, is well settled: Stradley v. Bath Portland Cement Co., 228 Pa. 108. It has also been held that damages for personal injuries are fixed as of the time of verdict, and must include future losses: McGonnell v. Pittsburgh Rys. Co., 234 Pa. 396; Conover v. Blum, 269 Pa. 548; Goodhart v. Pennsylvania R. R. Co., 177 Pa. 1; Amos v. Ferry Co., 228 Pa. 362.

Based on the doctrine of res judicata, the former recovery can be invoked at any time without pleading: State Hospital v. Consolidated Water Co., 267 Pa. 29.

Without citing the decisions of other states, which are in conflict, and in the absence of any decision in Pennsylvania, we are of the opinion that "the maxim which declares that no person shall be twice vexed for one and the

1 D. & C.

same cause prohibits a person from splitting a single cause into several and suing his adversary piecemeal," and applies to the case at bar. "If he does so, the first adjudication will bar all the other suits:" Van Fleet, in "The Law of Former Adjudications," 204 [§ 59] (1895).

The motion to take off the non-suit is, therefore, refused.