THE EDWARD. (Circuit Court of Appeals, Second Circuit. May 28, 1923.) No. 281. Appeal from the District Court of the United States for the Eastern District of New York. In the matter of the petition of the East River Towing Company, Inc., for limitation of liability as owner of the steam tug Edward, her engines, etc. From an order unfavorable to the East River Towing Company, Inc., it appeals. Questions certified to the United States Supreme Court. Before ROGERS, HOUGH, and MAYER, Circuit Judges.

PER CURIAM. The following facts appear from the apostles: East River Towing Company, Inc., is a corporation of the state of New York and owner of steam tug Edward. On August 2, 1922, the Edward sank in navigable waters of the United States, viz. New York Harbor. The cause of her sinking was an explosion of the tug's boiler. Said sinking and/or explosion caused loss of life and injury to property and persons. Especially did it cause the death of one Thomas McCaffrey, a master mariner, and at the time of said sinking employed as captain of said tug Edward. Said explosion and sinking occurred within the territorial limits of the state of New York, and one Elizabeth McCaffrey as administratrix, etc., of said Thomas McCaffrey, deceased, instituted an action at law in the Supreme Court of said state against said East River Towing Company, Inc., seeking to recover (pursuant to the statutes of said state) damages for the death of said decedent; alleging the same to have been caused by the negligence of said defendant. Thereupon the East River Towing Company, Inc., as owner of said Edward, filed its petition in the District Court of the United States for the Eastern District of New York pursuant to Rev. Stat. U. S. § 4283 et seq. (Comp. St. § 8021 et seq.), and the rules in admiralty prescribed by the Supreme Court of the United States in respect of proceedings for limitation of ship owner's liability. Said petition alleges that the claims (including McCaffrey's) already made against it in respect of said sinking and/or explosion, exceed the value of its interest in said steam tug and her freight pending; it avers petitioner's desire to contest and deny its liability and that of said steam tug for any and all loss, destruction or injury caused by said explosion and/or sinking; and it prays the court (inter alia) to issue its monition requiring all persons claiming as aforesaid to appear and make their several claims before a commissioner to be named by the court, and also to issue its injunction (pursuant to admiralty rule 51 [267 Fed. xix]) restraining the prosecution of said action of said Elizabeth McCaffrey, administratrix, or of the claim set forth therein except in the limitation proceedings begun by said petition. After proceedings regular under the statutes and rules above referred to the District Court did issue injunction restraining the further prosecution of the said action of said Elizabert McCaffrey, administratrix, etc. Thereupon said Elizabeth McCaffrey, administratrix, appeared specially in the limitation proceeding aforesaid and moved to "vacate, set aside, and declare null and void" the aforesaid injunction. After hearing, said District Court ordered as follows: "It appearing that Congress, by the enactment of the Act of June 5, 1920, commonly known as the Jones Act, intended to change the law with respect to limitation of liability to the extent of allowing a trial by a jury to said plaintiff, by making the provisions regulating such limitation inapplicable to a case falling within the provisions of said Act of June 5, 1920, that the said motion be and hereby is in all things granted, and that the said order entered herein on December 5, 1920, restraining the further prosecution of the action, pending in the Supreme Court of New York, county of Kings, wherein Elizabeth McCaffrey, as administratrix of the goods, chattels, and credits of Thomas McCaffrey, deceased, is plaintiff, and the East River Towing Company, Inc., is defendant, be and the same hereby is vacated and set aside." From this order petitioner took the present appeal.

### Questions Certified.

(1) If an action at law be brought, such as is described in Merchant Marine Act 1920, § 33 (41 Stat. 1007), can the prosecution thereof be enjoined by the injunction provided for in admiralty rule 51?

(2) Has Merchant Marine Act 1920, § 33, impliedly repealed the statute regarding limitation of liability of shipowners, so far as claims or suits based on personal injuries to or death of seamen are concerned?