In re CROSBY FISHERIES, Inc.

THE SALMON KING.

District Court, W. D. Washington, N. D.
February 9, 1928.

No. 11943.

1. Shipping ⊜209(1)—Single claim supports limitation of liability proceeding.

Liability may be limited where there is 'a single claim and a single owner as against a common-law action.

2. Shipping ⊜209(1¾)—Litigation of seaman's injury claim in state court will be enjoined where shipowner has right to limitation of liability (46 USCA § 185; admiralty rules 51, 53, 54; Judiciary Act 1789, § 9 [1 Stat. 76, as amended]; Merchant Marine Act 1920, § 33 [46 USCA § 688]).

Where shipowner has right to limitation of liability for injury to seaman, federal court will enjoin litigation of such claim in state court under admiralty rules 51, 53, 54, and Rev. St. § 4285 (46 USCA § 185; Comp. St. § 8023), as against asserted right to common-law action and jury trial under Judiciary Act 1789, § 9 (1 Stat. 76, as amended), and Merchant Marine Act 1920, § 33 (46 USCA § 688; Comp. St. § 8337a).

3. Shipping ⊜209(1⅛)—State courts are impotent to administer limitation of liability act.

State courts are impotent to administer the limitation of liability act.

In Admiralty. In the Matter of the Petition of Crosby Fisheries, Inc., owners of the steamship Salmon King, for exemption from or limitation of liability. On claimant's motions to dissolve restraining order and to dismiss limitation proceeding. Motion denied.

The petitioner seeks to limit liability for injury sustained by a seaman. An action was commenced in the state court by the injured seaman, and the state court proceeding was enjoined in this proceeding. The claimant now appears and moves the dissolution of the restraining order and that the limitation proceeding be dismissed, for the reason that the state court has jurisdiction, that there is only one claimant and one owner, that the exemption may be claimed in the state court by proper pleading (Carlisle Packing Co. v. Sandanger, 259 U. S. 255, 42 S. Ct. 475, 66 L. Ed. 927), and that by this proceeding he is denied the right of trial by jury pursuant to section 9, Judiciary Act 1789 (1 Stat. 76, as amended) and section 33 of the Merchant Marine Act 1920 (46 USCA § 688; Comp. St. § 8337a).

G. F. Vanderveer, of Seattle, Wash., for claimant.

Schwellenbach, Merrick & Macfarlane and Bronson, Jones & Bronson, all of Seattle, Wash., for petitioner Crosby Fisheries, Inc.

NETERER, District Judge. Claimant cites in support of his motion Carlisle Packing Co. v. Sandanger, supra; The Lotta (D. C.) 150 F. 219; Delaware River Ferry Co. v. Amos (D. C.) 179 F. 756; The Eureka No. 32 (D. C.) 108 F. 672; The Rosa (D. C.) 53 F. 132; The Great Western, 118 U. S. 520, 6 S. Ct. 1172, 30 L. Ed. 156; The Scotland, 105 U. S. 24, 26 L. Ed. 1001; and Hartford Acc. & Indemnity Co. v. Southern Pacific, 273 U. S. 207, 47 S. Ct. 357, 71 L. Ed. 612, in which Chief Justice Taft said, at page 216 of 273 U. S. (47 S. Ct. 359):

"The proceeding partakes in a way of the features of a bill to enjoin a multiplicity of suits, a bill in the nature of an interpleader, and a creditor's bill. It looks to a complete and just disposition of a many-cornered controversy, and is applicable to proceedings in rem against the ship as well as to proceedings in personam against the owner; the limitation extending to the owner's property as well as to his person."

This was an action to recover on a stipulation given in lieu of the vessel. At page 217 of 273 U. S. (47 S. Ct. 360), the Chief Justice further said:

"Where a court of equity has obtained jurisdiction over some portion of a controversy, it may and will in general proceed to decide all the issues and award complete relief, even where the rights of parties are strictly legal and the final remedy granted is of the kind which might be conferred by a court of law"—and enforced the liability upon the ad interim stipulation. At bar it was admitted that this court acquired jurisdiction by filing of the petition.

This court has uniformly, since White v. Island Trans. Co., 233 U. S. 346, 34 S. Ct. 589, 58 L. Ed. 993, entertained jurisdiction to limit liability where there was a single claimant or a single owner. The Supreme Court in White v. Island Trans. Co., supra, held that section 4283, R. S. (46 USCA § 183; Comp. St. § 8021), broadly declares that liability for any damages occasioned without the privity or knowledge of the owner, shall not exceed the value of the vessel and pending freight, and that the succeeding sections relate to procedure, and that plurality of claims is not essential.

The Court of Appeals of this circuit, in Shipowners' & M. T. Co. v. Hammond Lumber Co., 218 F. 161, held that the rule is es-

tablished by the White Case, supra, that the Limited Liability Act of Congress authorizes a proceeding for limitation of liability "whether there be a plurality of claims or only one."

Circuit Judge Learned Hand, in The George W. Fields (D. C.) 237 F. 403, said: "It is now settled that a single claim will support a limitation proceeding."

Circuit Judge Rudkin, for the court, in Strong v. Holmes (C. C. A.) 238 F. 554, said that the value of the vessel or that there is but one claimant is immaterial.

To the same effect is The T. W. Wellington (D. C.) 235 F. 728; Tug No. 16 (D. C.) 237 F. 405; The Erie Lighter No. 108 (D. C.) 250 F. 490, and The Aquitania (D. C.) 14 F.(2d) 456.

[1, 2] Several of the cases cited by the claimant have been expressly disapproved. That liability may be limited where there is a single claim and a single owner as against a common-law action is stare decisis. The right asserted to a common-law action and a jury trial has likewise been determined against the claimant's contention in this court (The Victoria [D. C.] 3 F.[2d] 330) and by the Supreme Court in Re East River Towing Co. (The Edward), 266 U. S. 355, 45 S. Ct. 114, 69 L. Ed. 324, 1925 A. M. C. 33. In The Edward, the Circuit Court of Appeals of the Second Circuit certified to the Supreme Court two questions (291 F. 1017):

"1. If an action at law be brought, such as is described in Merchant Marine Act 1920, § 33 (41 Stat. 1007), can the prosecution thereof be enjoined by the injunction provided for in admiralty rule 51?

"2. Has Merchant Marine Act 1920, § 33, impliedly repealed the statute regarding limitation of liability of shipowners, so far as claims or suits based on personal injuries to or death of seamen are concerned."

And the court held that an action at law under section 33 of the Merchant Marine Act to recover damages for the death of a seaman from personal injuries suffered in the course of his employment is subject to the injunction provided for by admiralty rule 51 (Admiralty Rules of Practice, 254 U. S. 25), in aid of limitation of liability proceedings, and in answering the second question held that section 33 of the Merchant Marine Act did not impliedly repeal the statute regarding limitation of liability of the shipowner, so far as claims or suits based on personal injuries to or death of the seamen are concerned.

At page 367 of 266 U. S. (45 S. Ct. 115), in The Edward, supra:

"The short point is that the later act determines the extent of the seaman's substantive rights and the measure of damages. Panama R. R. Co. v. Johnson, 264 U. S. 375, 391, 44 S. Ct. 391, 68 L. Ed. 748. * * * If there is no surrender of the ship, which we presume is made relatively rarely, the limited liability statutes play no part. Section 33 has no relation to means of collection but only to principles of liability and the ordinary course of trial. Naturally therefore the limited liability laws are not mentioned in the list of statutes repealed in section 2 [46 USCA § 862; Comp. St. § 8146¼a]; yet there can be no doubt that those laws would apply unless repealed. No sufficient reason is offered for the extraordinary preference over other claims that would be given to seamen were the decree of the District Court sustained. When a preference in respect of seamen's wages was intended, it was expressed. * * * On the other hand, it has been laid down with reference to this same section 33 that an intention to depart from a policy deliberately settled in a general statute is not lightly to be assumed. * * * The wholesale adoption of the law for railroads above mentioned must be taken as an adoption of principles, not as a basis for meticulous discovery of conflict with an established system in matters of detail. The choice of a jury trial is given when things take their ordinary course, not to break in upon the settled mode of adjustment when the ship is given up."

[3] The contention that the suit continue in the state court and the question of negligence and amount of damages be passed on by a jury, and the right of limitation continue in this court, would confound the issue and lead to interminable confusion. A divided jurisdiction could serve no useful purpose. State courts are impotent to administer the limitation act. Admiralty rule 54 fixes liability procedure in the District Court. Under admiralty rule 53 the owner is at liberty to contest his liability. Under admiralty rule 51 the District Court, on application, shall make an order to restrain the further prosecution of suits against the owner in respect to such claim or claims, and upon surrender of the vessel "from and after which transfer all claims and proceedings against the owner shall cease." Section 4285, R. S. (46 USCA § 185; Comp. St. § 8023). And of equal force, in lieu of surrender, is a stipulation entered under admiralty rule 54. The San Pedro, 223 U. S. 365, 32 S. Ct. 275, 56 L. Ed. 473.

State courts have not the requisite ju-

risdiction, and in the language of Justice Bradley, in Norwich Co. v. Wright, 80 U. S. (13 Wall.) 104, 20 L. Ed. 585, "no court is better adapted than a court of admiralty to administer precisely such relief."

The motions are denied.