25 F.(2d)—32½

## THE MURIEL.

### Petition of NELSON.

District Court, W. D. Washington, N. D. February 21, 1928.

#### No. 12159.

**1. Shipping ⬳207—Owner may sue to limit liability, where only single claim is made against vessel.**

Shipowner may maintain suit for limitation of liability, though there is but a single damage claim, in suit against him.

**2. Shipping ⬳204—Limitation of liability statute held to apply to owner of pleasure yacht, which had completed a voyage when the injury occurred (46 USCA §§ 183–185).**

Limitation of liability statute (Rev. St. §§ 4283–4285 [46 USCA §§ 183–185; Comp. St. §§ 8021–8023]) *held* to apply to the owner of a pleasure yacht, which had completed a voyage, but had not yet completed unloading, when the accident which gave rise to a damage claim occurred.

**3. Shipping ⬳209(3)—Petition for limitation of liability for death of yacht guest, due to insufficient gang plank, held to state cause of action.**

Petition *held* to state a cause of action for limitation of liability for death of yacht guest, due to insufficient gang plank.

In Admiralty. Petition of F. Creigh Nelson, owner of the motor vessel Muriel, for limitation of liability. On exceptions to petition. Overruled.

The petition for limitation of liability alleges ownership, tonnage, and that the vessel was under charter to another "on a voyage of several weeks" in and about Puget Sound, and had returned to its berth at the Yacht Club in the city of Seattle, and had not as yet wholly discharged or unloaded from said voyage, or made preparations to put the vessel for another and different voyage, and charges on information and belief that certain persons had been entertained on board the vessel, and that, while so entertained, one of the parties sustained personal injury resulting in death; that an action was commenced by the administratrix of the deceased, alleging, among other things, "that by reason of the negligence and omission to provide a suitable or safe gangplank, or other means of boarding or leaving said vessel," the deceased was precipitated into the waters of Lake Union, between the vessel and the dock to which the vessel was moored, and that, from the failure of those in charge of the vessel to properly use and maintain various tackle, apparel, and furniture, boats, and equipment of various kinds on or about said vessel, the deceased

lost her life; that the total amount of damages sought by suits in the state court aggregates $70,000; that, if any liability exists, the claim far exceeds the value of the vessel, and that the petitioner, while charged with liability, denies the same and desires to contest the charge, and claims exemption under sections 4283 and 4285, R. S. (46 USCA §§ 183, 185; Comp. St. §§ 8021, 8023), and acts supplemental and amendatory thereof; that the vessel at all times was seaworthy and well and sufficiently supplied, manned, and equipped, and that all of said vessel's tackle, apparel, furniture, equipment, etc., was and at all times continued to be properly managed, controlled, and handled; that the death was without the privity or knowledge of the petitioner, and without any fault on the part of the vessel, master, crew, managing owner, or other persons, or any fault in the vessel's tackle, apparel, equipment, furniture, etc., and wholly through the negligence and carelessness of the deceased—and prays exemption and due appraisement of the vessel, and restraining of the suits in the state court.

Exception is filed to the petition for limitation of liability, in that it is not verified by the petitioner; that the owner, Nelson, seeks limitation on account of one claim only, that of the objector, in which it appears that the owner is the direct and personal cause, and was in privity thereto and had knowledge thereof; that the vessel is a pleasure yacht; that the claim that the vessel was under charter is a subterfuge; that the petition fails to set forth facts sufficient; and that the yacht was not surrendered.

Bogle, Bogle & Gates, R. Kline Hillman, Wright, Froude, Allen & Hilen and Tucker, Hyland & Elvidge, all of Seattle, Wash., for petitioner.

Hartman & Hartman and Chas. W. Johnson, both of Seattle, Wash., for Maybelle Fiedler, administratrix.

NETERER, District Judge. It is sufficient to say that many of these exceptions are questions of fact, to be determined upon the trial, and may not be determined upon this hearing. The exceptions admit the allegations properly pleaded, from which it appears that the petition does state facts sufficient, if true, to limit liability.

Rule 6 of this court provides that, if within the district, the petitioner must verify or affirm the petition; otherwise it may be verified by the agent, or attorney in fact, or proctor, stating the fact of such absence. The petition is verified in harmony with this rule. Demand has been made for personal verification under rule 6 of this court. It is shown to the court that the petitioner is absent, is on the Atlantic Coast, and will be within the city within two weeks, and that at such time the petition will be duly verified.

[1] This court disposed of the contention that liability may not be limited where there is only one claim in Re Crosby Fisheries (D. C.) 24 F.(2d) 555, decided February 9, 1928, holding against the contention of the claimant. The claimant, on the exception that the character of the vessel—pleasure yacht—precludes exemption, relies upon The Mamie (D. C.) 5 F. 813, in which it was held that a vessel, not engaged in what is ordinarily understood as maritime commerce, was not entitled to the benefit of the act, and The Eureka, No. 32 (D. C.) 108 F. 672, where it was said that section 4284 (46 USCA § 184; Comp. St. § 8022) contemplates voyages, and in brief trips across the North River, as claimed in that case, the statute could not be invoked.

These cases were under the law before the amendment of 1886 (24 Stat. 70), since which time the courts have uniformly held that a private vessel or yacht is within the limitation section. In the Oneida (C. C. A.) 282 F. 238, the court said: "Where it appears that a private vessel, as a launch, is properly manned and equipped at the time of the accident, and the injury occurs without the owner's privity or knowledge, he may be liable for the same only to the extent of the value of the vessel."

In re Foss, 1927 A. M. C. 327, Judge Knox said: "In the case of In re Eastern Dredging Co. [D. C.] 138 F. 942, 944, it was said that, since the amendment in 1886 to the limitation of liability statute, it 'applies * * * to * * * all vessels, without exception. * * *'"

In the amendment of 1886 it appears to have been the intention of Congress to grant the privilege of limiting liability to all water craft; hence the decisions under the old law prior to amendment have no application, and this appears to be the decision of all of the courts since that time. In re Eastern Dredging Co., supra; The Alola (D. C.) 228 F. 1006; The Oneida, supra; In re Foss, supra.

[2] The fact that the vessel was not at the time actually engaged in a voyage seems to be disposed of by the Circuit Court of Appeals in this circuit in McGill et al. v. Michigan S. S. Co., 144 F. 788. From the allegations in the petition it appears that the vessel had returned from a voyage and had not yet unloaded.

[3] The tort complained of, "failure to provide suitable gangplank, resulting in the precipitation of the deceased into the waters," states a maritime tort of which admiralty has original jurisdiction. In Richardson v. Harmon, 222 U. S. 96, 32 S. Ct. 27, 56 L. Ed. 110, the Supreme Court held that nonmaritime, as well as maritime, torts are included within the operation of the limitation act. The court said:

"Prior to the eighteenth section of the Act of June 26, 1884 [Comp. St. § 2945], * * * it had been the settled law that the District Court, sitting as a court of admiralty, had no jurisdiction to try an action for damages against a shipowner arising from a fire on land communicated by the ship, or from a collision between the ship and a structure on land, such as a bridge or pier. The tort in both cases would have been a nonmaritime tort, and as such not within the cognizance of an admiralty court."

And finally the court concluded "that the section in question was intended to add to the enumerated claims of the old law 'any and all debts and liabilities' not theretofore included," and then discussing Ex parte Phenix Ins. Co., 118 U. S. 610, 7 S. Ct. 25, 30 L. Ed. 274, said:

"But that liability was incurred on September 20, 1880, a date antecedent to the act of 1884, which act expressly excluded liabilites which arose before its passage. That the decision by this court was not made until November, 1886, and that the opinion makes no reference to the act of 1884 is of no importance, since the act had no application."

The petition states facts, if true, to invoke the limitation of liability statute. The right to limit can be determined only upon trial of issue made by answer contesting such claim of right.